# EXHIBIT A

| Date Stam | Party | Description | Comment | Satisfi | User I | Cha |
|---|---|---|---|---|---|---|
| 08/22/2019 | | MAIL RETURNED - UNDELIVERED | RECEIVED FOR DEF ON THIS DAY, BECAUSE OF NO MAIL RECEPTACLE AND UNABLE TO FORWARD.<br><br>FILED TO PENDING COURT SHELF. | | SGRIS OLAN O | |
| 08/21/2019 | STEPHENSON, ELSTON ET AL. | PROTECTIVE ORDER HEARING PRE ISSUANCE SCHEDULED ON 10/10/2019 AT 2:00PM IN DIVISION II | CC: HANDED PLAINTIFF NOTICE OF HEARING AND EMAILED DEF AT BRIAN_DRAPEAUX@NPS.GOV.<br><br>FILED TO PENDING COURT SHELF. | | SGRIS OLAN O | |
| 08/21/2019 | STEPHENSON, ELSTON ET AL. | HEARING HELD | PLAINTIFF PRESENT AND DEF FTA'D. JUDGE WASN'T SURE IF DEF RECEIVED PROPER NOTICE OF HEARING, SO WE CALLED HIM ON THE PHONE IN COURT AND HE DID NOT KNOW ABOUT THE HEARING. PLAINTIFF WILL BE OUT OF TOWN UNTIL THE BEGINNING OF OCTOBER SO PER JUDGE GRODMAN SET HEARING AFTER 10-3-19. | | SGRIS OLAN O | |
| 08/13/2019 | STEPHENSON, ELSTON ET AL | PROTECTIVE ORDER HEARING PRE ISSUANCE SCHEDULED ON 08/21/2019 AT 2:30PM IN DIVISION I | | | RPAL MER | |
| 08/13/2019 | STEPHENSON, ELSTON ET AL | PROTECTIVE ORDER - EX PARTE SCHEDULED ON 08/13/2019 AT 1:30PM IN DIVISION II | | | RPAL MER | |
| 08/13/2019 | STEPHENSON, ELSTON ET AL | PO Petition Filed. | | | RPAL MER | |
| 08/13/2019 | STEPHENSON, ELSTON ET AL | Case Initiated - PETITION | | | RPAL MER | |

2019 AUG 13  PM 2: 50

| All Courts in Arizona/NCIC#/DPS# | Address        City, Arizona  Zip Code | Telephone Number |
|---|---|---|

Elston L. Stephenson

1616 Barry Hance Circle
Grand Canyon AZ 86023

**Plaintiff / Plaintiff Employer**
(Work Injunction ONLY)
Birth Date: _1/1/1964_

**Defendant**
Brian Drapeaux

Case No. PO19 · 0269

This is **not** a court order.

Address
Grand Canyon AZ 86023
City, State/Zip Code, Phone

**Agent's Name**
(Work Injunction ONLY)

**PETITION for**

[ ] Order of Protection
[✓] Injunction Against Harassment
[ ] Workplace Injunction

**DIRECTIONS: Please read the Plaintiff's Guide Sheet before filling out this form.**

1. Defendant/Plaintiff Relationship: [ ] Married now or in the past [ ] Live together now or lived together in the past
   [ ] Child in common [ ] One of us pregnant by the other [ ] Related (parent, in-law, brother, sister or grandparent)
   [ ] Romantic or sexual relationship (current or previous) [ ] Dating but not a romantic or sexual relationship
   [✓] Other: _Co-Worker_

2. [ ] If checked, there is a pending action involving maternity, paternity, annulment, legal separation, dissolution,
   custody, parenting time or support in _____ Superior Court,
   Case #: _____.                                    (COUNTY)

3. Have you or the Defendant been charged or arrested for domestic violence OR requested a protective order?
   [ ] Yes [ ] No [✓] Not sure
   If yes or not sure, explain: _No for me. Not sure for defendant_

4. I need a court order because:  (PRINT both the dates and a brief description of what happened.)

Tell the judge what happened and why you need this order. A copy of this petition is provided to the defendant
when the order is served. (Do not write on back or in the margin. Attach additional paper if necessary.)

| Dates | |
|---|---|
| April 23, 2019 | Stalking. Defendant inserted himself into training that I arranged. Inspired armed Ranger to "watch me", Inspired others to track down/stalk and har contract as 1st aid/CPR instructor. She was so scared for her safety that she brought former Army Ranger, firearm, and stun gun to training. |
| June 3, 2019 | Defendant by his own admission watched/surveilled/tracked/stalked me at 5:30 am in the morning. |
| July 22, 2019 | Stalking Home. On July 25, 2019 a co-worker sought me out to warn me that he saw Defendant circling my block, then stopping to surveil my house. |
| July 31, 2019 | DOI IG interview confirmed that Defendant called in IG complaint, IG showed me a picture of me in a truck that Defendant took |

Case No. PO19-0269

5.  The following persons should also be on this Order.  As stated in number 4, the Defendant is a danger to them:

_____ (___/___/____)   _____ (___/___/____)
                                       Birth Date                                           Birth Date

_____ (___/___/____)   _____ (___/___/____)
                                       Birth Date                                           Birth Date

6.  Defendant should be ordered to stay away from these locations, at all times, even when I am not present;

[✓]  Home _____

[ ]  Work _____

[ ]  School/Others _____

7.  [✓]  If checked, because of the risk of harm, order the defendant NOT to possess firearms or ammunition.

8.  [ ]  If checked, order the Defendant to participate in domestic violence counseling or other counseling. This can be ordered only after a hearing of which Defendant had notice and an opportunity to participate.

9.  Other:  *Please include 'no one-on-one contact at work* _____

Under penalty of perjury, I swear or affirm the above statements are true to the best of my knowledge, and I request an Order / Injunction granting relief as allowed by law.

_____          Attest: _____   8/13/19
Plaintiff                                         Judicial Officer / Clerk / Notary      Date
*Elston LeMans Stephenson*

2019 AUG 13  PM 2:50

ALL COURTS IN ARIZONA     ADDRESS          CITY,        AZ     ZIP CODE     TELEPHONE NUMBER

Case No. PO19 - 0769

For Mail: Box 129
Grand Canyon AZ
86023

| **Plaintiff's Guide Sheet for Protective Orders - Please Read Carefully** |
| --- |

**PRINT ALL INFORMATION ON THIS FORM AND ON THE PETITION.**

Elston L. Stephenson               1616 Barry Hance Circle

Your Name                          Your Address

(   ) 928-255-8727                 Grand Canyon AZ 86023        1/1/1964

Your Daytime Telephone Number      City, State, ZIP             Date of Birth

E-mail address (if available): theswedepilot64@hotmail.com

**You may ask the Court to keep your address confidential if the defendant does not know where you live or work.**
**If checked, the following addresses will be restricted and will not appear on the petition served on the defendant:**

Restrict: [✓] home address   [ ] work address   [ ] other address   [ ] school address

Your relationship to the defendant is: (Choose only the FIRST category that applies to your relationship to the defendant.)

[ ] married now or in the past
[ ] live together now or lived together in the past
[ ] parent of a child in common
[ ] one party is pregnant by the other

[ ] relative (parent, in-law, brother, sister, grandparent)
[ ] romantic or sexual relationship (current or previous)
[ ] dating but not a romantic or sexual relationship
[✓] other Co-Worker

Brian Drapeaux                     141 Havasupai Street

Defendant's Name                   Defendant's Address

(   ) 928-638-7903                 Grand Canyon, AZ 86023

Defendant's Daytime Telephone Number   City, State, ZIP

**DEFENDANT IDENTIFIERS**
Please provide all information below to the best of your knowledge. If you do not know the Defendant's date of birth, an estimated date of birth is acceptable. Please indicate the date of birth is an estimate by checking the "Est." box below.

| SEX | RACE | DOB | Est. | HT | WT |
| --- | --- | --- | --- | --- | --- |
| Male | Native American | Unk 1965 | [✓] | 72 | 190 |
| EYES | HAIR | SOC SEC NUMBER | | | |
| Unk | Brn | Unk | | | |
| DRIVER'S LICENSE # | Unk | STATE | EXP DATE | | |
| | | | | | |

**ANIMALS and ORDERS OF PROTECTION** – If you are requesting an Order of Protection to protect yourself, you may also ask the court to grant you the custody, care, and control of any animal owned by you, the defendant, or a minor child living in your household if you believe that the defendant is a danger to the animals. (A.R.S. § 13-3602(G)(7)) If you are asking the court to include animals on an Order of Protection, please write your request on Line 9 of the Petition.

2019 AUG 13 PM 2:50

**FLAGSTAFF JUSTICE COURT**
200 N SAN FRANCISCO ST, FLAGSTAFF, AZ 86001  PH - 8-679-7650

| | | |
|---|---|---|
| ELSTON  STEPHENSON<br>Plaintiff<br><br>Birth Date: 01/01/1964<br><br>Vs.<br><br>BRIAN  DRAPEAUX<br>Defendant | Case No: J0301PO2019000269<br><br>ORI NUMBER: AZ003013J | **NOTICE OF**<br>**HEARING PRIOR TO ISSUANCE OF:**<br><br>[ ] ORDER OF PROTECTION<br>[ ] INJUNCTION AGAINST HARASSMENT<br>[x] INJUNCTION AGAINST WORKPLACE<br>HARASSMENT |

A Petition for a protective order has been filed with this Court. To allow for both parties to be heard before issuing a protective order, a hearing is set for this matter on:

Date: 10/10/2019     Location/Courtroom:  DIVISION II

Time:    2:00PM

At this hearing, the Plaintiff and the Defendant will be permitted to present testimony and evidence to the Court.

**DEFENDANT'S WARNING:  IF YOU FAIL TO APPEAR AT THIS HEARING, A PROTECTIVE ORDER MAY BE ISSUED AGAINST YOU AS REQUESTED BY THE PLAINTIFF.**

08/21/2019
  Date                                                                  Judicial Officer/Clerk

**CERTIFICATE OF TRANSMITTAL**

Notice [ ] mailed [ ] provided personally to Plaintiff on 8/21/19 by _____

Notice [ ] mailed [ ] provided personally to Defendant on 8/21/19 by _____

**DEFENDANT'S MAILING ADDRESS**          **DEFENDANT'S WORK ADDRESS**
141 HAVASUPAI ST
GRAND CANYON, ARIZONA - 86023

**Defendant description:**

| Sex | Race | Birth Date | Height | Weight | Eyes | Hair | Driver's License No. & State |
|---|---|---|---|---|---|---|---|
| MALE | AMERICAN INDIAN/ALASKA NATIVE | 01/01/1965 | 7' 7'' | 190 | UNKNOWN | BROWN | & |

Effective date: June 3, 2013            Adopted by Administrative Directive No: 2013-031

**FLAGSTAFF JUSTICE COURT**
200 N SAN FRANCISCO ST, FLAGSTAFF, AZ 86001  PH - 928 779-7650

| ELSTON  STEPHENSON<br>Plaintiff<br><br>Birth Date: 01/01/1964<br><br>Vs.<br><br>BRIAN  DRAPEAUX<br>Defendant | Case No: J0301PO2019000269<br><br>ORI NUMBER: AZ003013J | **NOTICE OF**<br>**HEARING PRIOR TO ISSUANCE OF:**<br><br>[ ] ORDER OF PROTECTION<br>[ ] INJUNCTION AGAINST HARASSMENT<br>[ ] INJUNCTION AGAINST WORKPLACE HARASSMENT |
|---|---|---|

A Petition for a protective order has been filed with this Court. To allow for both parties to be heard before issuing a protective order, a hearing is set for this matter on:

      Date: <u>08/21/2019</u>     Location/Courtroom: <u>DIVISION I</u>

      Time:   <u>2:30PM</u>

At this hearing, the Plaintiff and the Defendant will be permitted to present testimony and evidence to the Court.

**DEFENDANT'S WARNING:  IF YOU FAIL TO APPEAR AT THIS HEARING, A PROTECTIVE ORDER MAY BE ISSUED AGAINST YOU AS REQUESTED BY THE PLAINTIFF.**

<u>08/13/2019</u>
Date                                             Judicial Officer/Clerk

**CERTIFICATE OF TRANSMITTAL**

Notice [ ] mailed [X] provided personally to Plaintiff on <u>8/13/19</u> by _____

Notice [X] mailed [ ] provided personally to Defendant on <u>8/13/19</u> by _____

**DEFENDANT'S MAILING ADDRESS**           **DEFENDANT'S WORK ADDRESS**
141 HAVASUPAI ST
GRAND CANYON, ARIZONA - 86023

**Defendant description:**

| Sex | Race | Birth Date | Height | Weight | Eyes | Hair | Driver's License No. & State |
|---|---|---|---|---|---|---|---|
| MALE | AMERICAN INDIAN/ALASKA NATIVE | 01/01/1965 | 7' 7'' | 190 | UNKNOWN | BROWN | & |

Effective date: June 3, 2013                  Adopted by Administrative Directive No: 2013-031

## STEPHENSON REQUEST INJUCTION AGAINST HARASSMENT

- Respectfully request Injunction Against Harassment
- At least 4 'Acts'
- Increasing in frequency
- Increasing in severity
- Latest co-worker spotted Defendant circling Plaintiff's home then stopping to scope it out
- Worker so worried that he stopped work knocked on door to warn Plaintiff
- Defendant has keys to all homes on Grand Canyon
- GRCA undergoing increased security (locked buildings) because of workplace violence

## Acts

- April 23, 2019  Stalking of First Aid/CPR training
- June 3, 2019 Defendant (own admission) watching/ survielling/tracking Plaintiff at 5:30am
- July 22, 2019 (July 25, 2019) Co-worker warned Plaintiff that Defendant was spotted circling block stopping to scope out Plaintiff's home
- July 31, 2019 IG shows Plaintiff picture taken by Defendant of Plaintiff sitting in his truck

## Background

- Plaintiff is the GRCA Safety Health & Wellness Manager
- Plaintiff found and reported 'uranium'
- Plaintiff found and reported GRCA AED system failures implicated in death of visitor
- Plaintiff unearthed and reported falsified statements and falsified evidence by Defendant in AED case, others in uranium case
- Plaintiff has open formal EEOC Complaint against Defendant which is likely to find in Plaintiff's favor
- Considering filing federal criminal Stalking complaint

## Legal Action Taken

- Reported each incident to NPS Director DC, Regional Headquarters, GRCA Superintendent
- No let up in harassment/stalking
- Open NPS 16E 'Investigation'
- No investigator assigned (more than 3 weeks)
- No one has spoken with Plaintiff about complaint or investigation
- No one has spoken with key Witness
- Repeated request (9 in last year) requesting change of supervisor because of retaliation/reprisal concerns. All ignored. Last (9th) denied

## Close

- Defendant's actions have only become emboldened after no corrective action/leadership by NPS
- Defendant's actions clearly violate A.R.S. §13-2923 and 18USC §2261A
- Defendant's actions escalating to the point that confrontation and violence are what's next
- In the current climate, this is alarming
- Respectfully request that the Court stops this trend before it ends in violence by issuing an Injunction Against Harassment
- Thank You Your Honor

2

# STEPHENSON REQUEST INJUNCTION AGAINST HARASSMENT

- Respectfully request Injunction Against Harassment
- At least 4 'Acts'
- Increasing in frequency
- Increasing in severity
- Latest co-worker spotted Defendant circling Plaintiff's home then stopping to scope it out
- Worker so worried that he stopped work knocked on door to warn Plaintiff
- Defendant has keys to all homes on Grand Canyon
- GRCA undergoing increased security (locked buildings) because of workplace violence

# Acts

- April 23, 2019  Stalking of First Aid/CPR training
- June 3, 2019 Defendant (own admission) watching/ survielling/tracking Plaintiff at 5:30am
- July 22, 2019 (July 25, 2019) Co-worker warned Plaintiff that Defendant was spotted circling block stopping to scope out Plaintiff's home
- July 31, 2019 IG shows Plaintiff picture taken by Defendant of Plaintiff sitting in his truck

# Background

- Plaintiff is the GRCA Safety Health & Wellness Manager

- Plaintiff found and reported 'uranium'

- Plaintiff found and reported GRCA AED system failures implicated in death of visitor

- Plaintiff unearthed and reported falsified statements and falsified evidence by Defendant in AED case, others in uranium case

- Plaintiff has open formal EEOC Complaint against Defendant which is likely to find in Plaintiff's favor

- Considering filing federal criminal Stalking complaint

# Legal Action Taken

- Reported each incident to NPS Director DC, Regional Headquarters, GRCA Superintendent
- No let up in harassment/stalking
- Open NPS 16E 'Investigation'
- No investigator assigned (more than 3 weeks)
- No one has spoken with Plaintiff about complaint or investigation
- No one has spoken with key Witness
- Repeated request (9 in last year) requesting change of supervisor because of retaliation/reprisal concerns. All ignored. Last (9th) denied

# Close

- Defendant's actions have only become emboldened after no corrective action/leadership by NPS
- Defendant's actions clearly violate A.R.S. §13-2923 and 18USC §2261A
- Defendant's actions escalating to the point that confrontation and violence are what's next
- In the current climate, this is alarming
- Respectfully request that the Court stops this trend before it ends in violence by issuing an Injunction Against Harassment
- Thank You Your Honor

# DRAPEAUX FIRST AID INTEFERENCE
# INSTRUCTOR STALKED - ARMED





8/21/2019 DEPARTMENT OF THE INTERIOR MAIL - EEO Complaint - Please Stop Humiliation, Embarrassment and Undermining of First Aid Training

Case 3:19-cv-08268-DLR Document 4 Filed 09/18/19 Page 16 of 38



Stephenson, Elston <elston_stephenson@nps.gov>

# EEO Complaint - Please Stop Humiliation, Embarrassment and Undermining of First Aid Training

**Stephenson, Elston** <elston_stephenson@nps.gov>                    Tue, Apr 23, 2019 at 6:34 AM
To: "Creachbaum, Sarah" <sarah_creachbaum@nps.gov>
Cc: Mary Kendall <mary_kendall@doioig.gov>, NPS GRCA Executive Team <grca_executive_team@nps.gov>

Sarah,

Good Morning.

This is not a pleasant email.

This is a report to You of bizarre, harassing behavior which crosses the legal threshold of stalking (18 U.S.C. §2261 A) of me and the instructors that I have hired to conduct the first aid/CPR/AED training. And to prevent an escalation which may end up in non-NPS civilians calling the police on NPS persons.

I will include the Inspector General along with PSET because the potential escalation and potential criminal and civil liabilities extend beyond the gates of GRCA. And I should not be burdened with resolving these.

I want it to stop---cease and desist immediately.

I do not want anyone 'showing up' and 'watching my instructors' as I've experience and outlined below.

Immediately following this email, I am going to head down to Flagstaff to welcome the instructors and ensure that they have what they need to provide the best training to our people.

Ma'am, this is an IG Complaint in the making. I will file a formal complaint with the IG when I get back and settled.

On Tuesday night April 16, 2019 I received an unusual text (attached) from Dep Superintendent Brian Drapeaux. The text ordered me to limit the class size of the First Aid/CPR/AED class the next day. Surprisingly, it went on to tell me that although we have plenty of first aid mannequins that are not being used at all, that I would not be allowed to use them in the upcoming training.

It also went on to describe in great detail the composition of the Tusayan Fire Department (who was providing the training) instructors and their capabilities.

This level of meddling by a Superintendent struck me as strange and inappropriate. Brian never took any interest in the training from start to finish. Never offered to help plan or facilitate it. Worse, his telling me that I would not be able to use GRCA mannequins decidedly sought to limit the size of my class, when typically Superintendents role is to go out of their way to maximize training.

He then instructed me to put out an email which would have humiliated me and turned away perspective attendees.

Of course I ignored it.

He also appears to have sent the text to SRM Chief for some reason.

On Wednesday, April 17, 2019 LE Deputy Chief Dana Sullivan showed up at the First Aid/CPR/AED class. She said that the was ordered by the Acting Chief to either watch me or watch my class. She could not tell me what she was watching for.

She then demanded to know who it was that I had hired to teach the remaining courses.

8/27/2019        DEPARTMENT OF THE INTERIOR AND PRECEDING Complaint - Please Stop the Illegal Programs and Undertaking of First Aid Training

Case 3:19-cv-08208-DLR Document 1-4 Filed 09/16/19 Page 17 of 38

I told her firmly that this was my training event it was not her concern what the arrangements were, and to not get in the way.

This was very unusual and disconcerting and embarrassing for the instructors. One mentioned that he had never had anyone 'watch' him before.


Yesterday Monday, April 22, 2019 as I met with the instructor that I arranged to give the Flagstaff class, she told me that someone called her and interrogated her on the class that she is giving to us.

She too was made to feel uncomfortable. And like the folks from the fire department, remarked that she had been instructing for decades and never ever had anyone interrogate or 'check' on her before.

Tracking her down and hounding her really took quite a bit of effort.

This clearly meets the criminal code for stalking, 18 U.S.C. §2261 A.

The instructor has every right to call the police and make a criminal complaint as I have apologized profusely to her, and assured her that it will not happen again.

The criminal and civil liabilities that the NPS folks have engaged in is bizarre.

Please. I would like this to cease and desist.

It is very humiliating and embarrassing as a GS-13 to have a GS-12, GS-5 or 7 'checking on me'.

It is very humiliating, embarrassing, and undermining in my relationship with the instructors that I have found, vetted, and contracted to have them subjected to hounding, stalking, interrogation, being watched.

It is embarrassing to the Park to have to report to instructors who are helping us out that we cannot support them by giving them mannequins---and would rather have them sitting in a closet somewhere doing no good whatsoever.

So that I don't have to endure any more humiliation in front of either the class attendees, or the instructors that I've contracted, or so that no one 'shows up' and 'watches' my instructors at this morning's (or any future classes) I am asking You to make this cease and desist.

Let's cease and desist the GS-5s, GS-7s or whoever checking on me, harassing, or stalking my instructors.

Let's cease and desist any and all interference, meddling, and undermining of the training that I have arranged.

Ordinarily you would expect support for safety training from the Superintendent's Office not this.

Sarah, I've simply never heard of anything like this.

Let's find a way to support the potentially life saving training.

Again, I will wrap this all up in (at least) a formal IG complaint and insist on a formal investigation.

I want it to stop. Now.

Thank You.


Sincerely,

Elston
928-255-8727


Reference

8/21/2019  DEPARTMENT OF HEALTH AND DIRECT Complaint - Ice Store Rampant and Reckless Practices and Undertaking of First Aid Training

Case 3:19-cv-08208-DLR   Document 1-4   Filed 09/18/19   Page 18 of 38

Cornell Law (2019). Title 18 *crimes and criminal procedure. part 1 crimes. chapter 110A. domestic violence and stalking section 2261A. stalking* Retrieved from https://www.law.cornell.edu/uscode/text/18/2261A



**IMG_1887.png**
795K

Dana
928 707
3698

# DRAPEAUX STALKING TEXT

    

Verizon LTE    10:21 AM

PT

Message
Thu, Jul 25, 2:29 PM

Hey PT. Thank You for the heads up about Brian scoping out my place. Like we spoke, this is the 'Valley of the Weird'. I would like to stomp this out very forcefully. I'm going to go to the Courthouse and get s restraining order.

...would You be willing to write out a statement?

Curious on retraining orders if that's enough, he'll just claim he was working, I would write it down for now. I don't think it'll stick there's no threat and he'll just claim it as checking on his employee he'll win that. Patience

Knowing is a big part and he doesn't know u know so be smart

Actually it's called an 'Injunction Against Harassment' between employees. And PT..... You're the 2nd person to tell me this in about a month!

   

Verizon LTE    10:21 AM

PT

Knowing is a big part and he doesn't know u know so be smart

Actually it's called an 'Injunction Against Harassment' between employees. And PT......You're the 2nd person to tell me this in about a month!

Wow that's not good. And being that high up makes it a problem. Do you have an attorney?

No attorney for this. I will self represent. I think a statement from You and her would help immensely

Problem is they will bury me I'm just an 8

Hey, no worries. I'll figure out something. Thank You for giving me the heads up! Very important to know!!!

Delivered

I'll watch and listen for ya and if it goes south I'll talk

       



Stephenson, Elston <elston_stephenson@nps.gov>

---

# URGENT; Need Help Getting Safe Space Away from Brian Drapeaux

**Stephenson, Elston** <elston_stephenson@nps.gov>                           Thu, Jul 25, 2019 at 4:47 PM
To: Woody Smeck <woody_smeck@nps.gov>
Cc: "Raymond (David) Vela" <david_vela@nps.gov>, Chip Jenkins <chip_jenkins@nps.gov>, Roosevelt Wilson
<roosevelt_wilson@nps.gov>

Woody,

Sir, Good Afternoon.

I had a worker stop into my office about an hour ago to warn me that Brian Drapeaux was suspiciously making loops around the block looking, in on my place on Monday morning, July 22, 2019.

This is the second worker to warn me like this in the last month or so.

This is that "safety concern" that I mentioned to You soon after the first reporting.

And the reason that my family did not come to stay during the 4th of July week.

Also among the reasons that have requested 8 times in the last 9 months to have me returned to direct report to the GRCA Superintendent.

Respectfully, we are now deep into harassment, stalking, creepy, weird territory.

Please consider this a Complaint.

Please let's do the return to direct report to the Superintendent and put some space between me and Mr. Drapeaux. And take the burden of managing this off me.

And have someone warn Drapeaux to stay away from my home.

Thank You.


Sincerely,

Elston
928-255-8727
[Quoted text hidden]



Stephenson, Elston <elston_stephenson@nps.gov>

---

## URGENT; Need Help Getting Safe Space Away from Brian Drapeaux

**Stephenson, Elston** <elston_stephenson@nps.gov>                    Thu, Jul 25, 2019 at 3:17 PM
To: Roosevelt Wilson <roosevelt_wilson@nps.gov>

Roosevelt,

Please give me a call.

I just had a worker stop in my office to warn me that Brian Drapeaux was circling my house, looking in on it a few times.

I was already deeply concerned, and mentioned it to Woody Smeck. But received no response.

It was because of my concerns that the family did not come here for July 4th holiday, as we had planned.

This must stop.

Please give me a call.

Thank You.


Sincerely,

Elston
928-255-8727



Stephenson, Elston <elston_stephenson@nps.gov>

## Harassing Conduct Complaint Receipt

**Anti-Harassment Tracking** <anti_harassment_tracking@mailer.itc.nps.gov>     Fri, Jul 26, 2019 at 4:15 PM
Reply-To: anti_harassment_tracking@mailer.itc.nps.gov
To: elston_stephenson@nps.gov

Greetings,

This email serves as a receipt that a harassing conduct complaint was submitted, and assigned to the appropriate representatives. We at the National Park Service take discrimination and harassment very seriously. We appreciate your due diligence as a National Park Service employee. If the National Park Service employee relations or other designated official has any questions or clarification about this complaint, they will contact you directly.

**Complaint/Case Information Summary:**

Case Subject: Intermountain Region-GRCA-Race
Case Number: 868

Date Submitted: 07/26/2019.

### NATIONAL PARK SERVICE

### HARASSING CONDUCT ALLEGATION ACKNOWLEDGEMENT FORM NOTIFICATION OF RIGHTS AND RESPONSIBILITIES

**Employees who believe they have been subjected to harassing conduct have the <u>right</u> to:**

    1.  Report the matter immediately to any NPS supervisor or management official, any employee relations specialist, or the Office of Inspector General;

    2.  In addition to filing a report, they also have additional avenues for individual relief and remedies and access to non-filing support options (see below);

    3.  Present and pursue the allegation of harassing conduct free from restraint, interference, coercion, harassment, and reprisal (see below);

   4.  Prompt notification upon completion of the anti-harassment process that the fact-finding
   has been completed but will not receive a copy of the resulting report or information about
   any disciplinary actions taken against any other employees(in accordance with RM 16E
   Section (2)(10));

   5.  Have their allegations taken seriously and handled appropriately.

**Employees alleging harassment have the <u>responsibility </u>to:**

   1.  Fully cooperate with the presentation of information, to include scheduling of interviews
   or meetings, responding to correspondence, and providing requested material or information,
   in the processing of their allegations of harassing conduct.

   2.  Keep the Agency informed of their contact information.

   3.  Notify NPS of any questions or concerns about the Anti-Harassment Process.

**What you need to know about retaliation.**

A manager or supervisor may not fire, demote, harass, or otherwise take any personnel action
against an individual for reporting an allegation of misconduct under this policy. Retaliation
might deter a reasonable person from opposing prohibited activities and discrimination,
providing information about an allegation, or participating in an established complaint process.
Protected activity under this policy could include reporting alleged misconduct, being a
witness in an inquiry or investigation, complaint, or lawsuit, communicating with a supervisor
or manager about employment discrimination or harassment, resisting sexual advances or
harassing behavior from a supervisor or manager, or intervening to protect others who may
have suffered discrimination. Participating in a complaint process is protected from retaliation
under all circumstances.

Engaging in protected activity under this policy does not shield an employee from all
personnel actions. Supervisors and managers can take personnel actions, including discipline
and removal, if they are motivated by *non-retaliatory and non-discriminatory* reasons that
would otherwise result in such consequences (e.g., transferring an employee for legitimate
business reasons, closely monitoring the performance of an employee who is having
performance issues).

The following are examples of personnel actions that would be unlawful retaliation if they
were taken because of, or were motivated by, an employee's protected activity:

   • Transferring the complainant or witness against his or her will;
   • Ignoring or not communicating with the complainant or witness;
   • Changing work assignments of the complainant or witness without a valid work-related
   rationale;
   • Withholding work-related information from the complainant or witness;

- Disciplining the employee or giving a performance evaluation that is lower than it should be based on the employee's actual work performance;
- Engaging in verbal or physical abuse or other activities prohibited by this policy;
- Threatening to make, or actually making reports to authorities without a valid reason; and
- Increased scrutiny of work performance or conduct.
- 
- **Additional Avenues for Relief or Remedies**

DO16E is designed to stop harassing conduct that has occurred as soon as possible and to deter its occurrence in the future. However, corrective action under DO 16E does not provide the remedies (*e.g.*, compensatory damages) that may be available through the EEO, grievance, or other processes.

If you believe you have experienced harassing conduct and want to seek relief or remedies, you should know that filing a report under 16E does ***not*** satisfy the requirements for filing an EEO complaint, negotiated grievance, or other procedure and obtaining remedies pursuant to them. Nor does it delay the time limits for initiating those procedures. If you wish to pursue statutory, administrative, or collective bargaining remedies for unlawful harassment, the following avenues are available.

**For an EEO complaint pursuant to 29 C.F.R. § 1614** (available for all claims of illegal harassment other than those based on status as a parent, marital status and political affiliation), contact an EEO counselor in the NPS's Equal Employment Opportunity Offices within 45 days from the most recent incident of alleged harassment (or personnel action, if one is involved), as required in 29 C.F.R. § 1614.105(a)(1).

**For a negotiated grievance claim,** contact your local union representative to file a grievance in accordance with the provisions of the applicable Collective Bargaining Agreement.
**For an administrative grievance claim,** file a written grievance in accordance with the provisions of 370 DM 771, Administrative Grievance Procedures. For more information, ask your Employee Relations Specialist.

**For an appeal to the Office of Special Counsel (OSC)** regarding claims of harassment related to marital status and political affiliation, pursuant to 5 U.S.C. §2302(b)(1) and (b)(10), you may file a written appeal with the OSC as described in 5 C.F.R. §1800.1 and on www.osc.gov.

**For an appeal to the Merit Systems Protection Board** pursuant to 5 C.F.R. § 1201.22, file a written appeal with the Board within 30 days of the effective date of an appealable adverse action as defined in 5 C.F.R. § 1201.3, or within 30 days of the date of receipt of the agency's decision, whichever is later.

# Additional Support Resources Available To Employees

Experiencing harassing conduct can be a very serious, somber, and perhaps emotional experience. Employees who have experienced harassing conduct have multiple resources available that can provide assistance and advice, including:

- Speaking with the Ombuds

   **Scott Deyo**, 844-288-7046 (toll free),　scott_deyo@contractor.nps.gov
   **Sigal Shoham**, 844-775-7726 (toll free), sigal_shoham@ios.doi.gov

   or consulting with or engaging in alternative dispute resolution procedures through a
   CORE PLUS neutral;

   Employees are encouraged to contact the Ombuds or other CORE PLUS neutrals to discuss any workplace related concerns, including those related to harassing conduct. An Ombuds is impartial, informal, and confidential resource that works independently from management's chain of command to explore and aid in the resolution of individual and systemic issues affecting an organization. Conversations with Ombuds and other CORE PLUS neutrals are confidential and informal, and provide the employee a safe place to explore options for addressing their concerns. Ombuds and CORE PLUS neutrals are not obliged to report discussions (outside of imminent risk of harm), and as a result, engaging with an Ombuds or other CORE PLUS neutral does not constitute a report under this policy.

- Engaging the services provided by the Employee Assistance Program, call (800) 869-0276 or go to espyr.com, login:  interioreap;

- Consulting with a union representative, if covered by a bargaining unit

- Informal networks and support available through the various Employee Resource Groups

Engaging with these resources ***does not*** constitute a report under this policy, as these entities <u>do not</u> have an obligation to inform management of allegations of harassing conduct.

**For more information on the National Park Service Anti-Harassment Policy, select here for the Reference Manual 16E.**



**NATIONAL PARK SERVICE**

**HARASSING CONDUCT ALLEGATION ACKNOWLEDGEMENT FORM**

**NOTIFICATION OF RIGHTS AND RESPONSIBILITIES**

Employees who believe they have been subjected to harassing conduct have the <u>right</u> to:

1. Report the matter immediately to any NPS supervisor or management official, any employee relations specialist, or the Office of Inspector General;

2. In addition to filing a report, they also have additional avenues for individual relief and remedies and access to non-filing support options;

3. Present and pursue the allegation of harassing conduct free from restraint, interference, coercion, harassment, and reprisal.

4. Have their allegations taken seriously and handled appropriately.

Employees reporting harassing conduct have the <u>responsibility</u> to:

1. Fully cooperate with the presentation of information, to include scheduling of interviews or meetings, responding to correspondence, and providing requested material or information, in the processing of their allegations of harassing conduct.

2. Keep the Agency informed of their contact information.

3. Notify NPS of any questions or concerns about the Anti-Harassment Process.

**I understand my rights and responsibilities. I have been given a copy of RM-16E which explains, among other things, other avenues for relief and support.**

| | | |
|---|---|---|
| *Eldon Lucas Stephen* | 7/28/2019 | GRCA |
| Employee Reporting Harassment Conduct | Date | Unit |
| *Wendy Smell* | 7/26/19 | GRCA |
| Person taking the complaint | Date | Unit |



Stephenson, Elston <elston_stephenson@nps.gov>

## Rights and Responsibilities Notification

**Smeck, Woody** <woody_smeck@nps.gov>                                    Fri, Jul 26, 2019 at 4:13 PM
To: Elston Stephenson <elston_stephenson@nps.gov>

Elston,

As we discussed today, I have entered your complaint into the DO16E Anti-Harassment Tracking System.  The complaint has been transmitted to the Regional HPOC for processing.

Attached please review and sign the Notification of Rights and Responsibilities Statement.  I will need your signature on the Notification today if possible, or no later than Monday morning when we meet at 8am in my office.

Thank you for your time today.

Woody Smeck
Acting Superintendent
Grand Canyon National Park
P.O. Box 129
Grand Canyon, AZ 86023
---
(928) 638-7945 office
(559) 788-9247 mobile

 **DOC.pdf**
491K











RESIDENCE 1



RESIDENCE 2



RESIDENCE 3



RESIDENCE 4



RESIDENCE 5



WITNESS VEHICLE