IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elston L Stephenson, | No. CV-19-08268-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Brian Drapeaux, | |
| Defendant. | |

This matter recently has come before the Court. The parties are advised, pursuant to LRCiv 12.1(c), that motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) and motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are discouraged if the defect(s) in the complaint can be cured by a permissible amendment. In an effort to avoid unnecessary or multiple motions to dismiss or for leave to amend,

**IT IS ORDERED** as follows:

1. Before the filing of any motion under Rule 12(b)(6) or 12(c), the parties must confer in good faith to determine whether the motion can be avoided. **The duty to confer also applies to parties appearing without an attorney.** Defendant shall explain to Plaintiff the reasons why Defendant believes the complaint fails to state a claim for relief. The parties shall discuss whether any of the deficiencies identified by Defendant can be cured through an amended complaint. If the parties agree on this point, Plaintiff shall file an appropriate amended complaint in order to avoid the filing of an unnecessary motion to dismiss.

2. Notwithstanding Plaintiff's belief that the complaint is sufficient to state a claim for relief, or Defendant's belief that the complaint is not curable, if Plaintiff believes that an amendment can cure or address some or all of the purported deficiencies identified by Defendant, Plaintiff is strongly encouraged to file an amended complaint containing all further allegations Plaintiff could make before Defendant files a motion to dismiss or for judgment on the pleadings.  This would avoid the need for Plaintiff to seek leave to amend should the Court determine that the motion to dismiss or for judgment on the pleadings is well taken.

3. As an alternative to the procedure outlined in paragraph 2, if Defendant files a motion under Rule 12(b)(6) or 12(c) notwithstanding Plaintiff's belief that further amendment of the complaint can cure the alleged defect(s), Plaintiff must submit, no later than the time Plaintiff files a response to the motion, a proposed amended complaint that complies with LRCiv 15.1(a) and contains all further allegations Plaintiff could make.  In the event a motion to dismiss or for judgment on the pleadings is granted in any part, no leave to amend the complaint will be granted beyond what is offered in the proposed amended complaint.

4. Any motion under Rule 12(b)(6) or 12(c) must certify that the parties conferred in good faith but were unable to agree that the complaint is curable by a permissible amendment.  Motions that do not contain the required certification may be stricken by the Court.

5. The parties shall endeavor not to oppose motions to amend filed prior to the Scheduling Conference or within the time set forth for amending pleadings and joining parties in the Rule 16 Scheduling Order.

6. Any party appearing without an attorney shall comply with the Local Rules and the Federal Rules of Civil Procedure.  Such parties are advised of the free Self-Service Clinic at the Phoenix courthouse.  For information on the clinic and the Handbook for Self-Represented Litigants, visit the Court's internet site at www.azd.uscourts.gov.  Proceed to the box entitled Information for *Those Proceeding Without an Attorney* and then the link

entitled *Federal Court Self-Service Clinic-Phoenix*.

7. Plaintiff shall serve a copy of this Order upon Defendant and file notice of service with the Court.

Dated this 18th day of September, 2019.

Douglas L. Rayes
United States District Judge