# EXHIBIT B

 United States Department of the Interior

**NATIONAL PARK SERVICE**
GRAND CANYON NATIONAL PARK
20 South Entrance Road
PO Box 129
Grand Canyon, Arizona 86023



July 10, 2019

Elston Stephenson
Safety Manager
National Park Service
Grand Canyon National Park
Grand Canyon, Arizona

On June 12, you received a letter notifying you of your proposed three (3) day suspension from your position of Deputy Superintendent at the Grand Canyon National Park for failure to follow supervisory instruction. The proposal was made for the efficiency of the service and in accordance with 5 U.S.C., Chapter 75, Subchapter I; 5 C.F.R. Part 752, Subpart B; and U.S. Department of the Interior Manual at 370 D.M. 752.

You were afforded seven (7) calendar days from the date you received the notice of proposed suspension to respond to me orally and/or in writing. This period was ultimately extended by an additional five (5) calendar days to a total of twelve (12) calendar days so that you could meet with an attorney as you had requested. You then provided a written response on June 24, 2019 and chose not to provide an oral response. In reaching my decision, I have carefully considered the information contained in the proposal notice, the case file, and your written response.

I have also reviewed the Department of the Interior Table of Offenses and Penalties and considered what are commonly referred to as the "Douglas Factors" which are discussed below in more detail. Based upon my review of all of the aforementioned I find the following:

**CHARGE I: Absence Without Leave (AWOL)**

**Specification 1:** On May 13, 2019 you were scheduled to work from 7:00 A.M. - 4:00 P.M. You were not present at your duty station during that time and you were not on approved leave. As such, you were absent without leave (AWOL) for eight (8) hours. - **SUSTAINED**

**Specification 2:** On May 14, 2019 you were scheduled to work from 7:00 A.M. - 4:00 P.M. You were not present at your duty station during that time and you were not on approved leave. As such, you were absent without leave (AWOL) for eight (8) hours. - **SUSTAINED**

**Specification 3:** On May 15, 2019 you were scheduled to work from 7:00 A.M. - 4:00 P.M. You were not present at your duty station during that time and you were not on approved leave. As such, you were absent without leave (AWOL) for eight (8) hours. - **SUSTAINED**

Stephenson Decision Letter
2 | P a g e

**Specification 4:** On May 16, 2019 you were scheduled to work from 7:00 A.M. - 4:00 P.M. You were not present at your duty station during from approximately 7:00 A.M. until 10:00 A.M and you were not on approved leave. As such, you were absent without leave (AWOL) for 3 hours. – **NOT SUSTAINED (Your timecard will be corrected to include these 3 hours)**

## CHARGE II: Failure to Follow Supervisory Instruction

**Specification 1:** On May 15, 2019, your direct supervisor, Brian Drapeaux, directed you to meet with him at his office at 8:00 A.M on May 16, 2019. You did not appear for this meeting as directed and you were not on approved leave. - **SUSTAINED**

**Specification 2:** On June 3, 2019, you altered your work schedule from 7:00 A.M. – 4:00 P.M., without receiving supervisory approval, by beginning work at 5:30 A.M., even though you had been informed that all changes to your regular tour of duty must be approved by your supervisor, prior to implementation (or words to that effect) in a memo dated on or around February 26, 2019. - **SUSTAINED**

### Written Response:

In your written response, you provide a "Summary of Defects" which I would like to address.

1) In relation to Charge I, Specifications 1-3, you did not address any of these specifications nor provide any evidence to contradict them.

2) In relation to Charge II, Specification 1, you state that you did not open Brian's email which instructed you to be present at his office on May 16, 2019, until June 1, 2019. After Brian met with you in the parking lot at approximately 10 A.M. on May 16, 2019, he sent you a follow-up email at approximately 11:26 A.M. in which he recounted your interaction in the parking lot and verifies that you had acknowledged having been in receipt of his emailed instructions for you to be present in his office at 8 A.M. on May 16, 2019, and directing you to return signed copies of those instructions. You did not respond to Brian's email, let alone, provide any evidence in which you refute Brian's statement that you acknowledged receipt of his emails/instructions. As such, the evidence indicates that you were made aware of the requirement to be present at 8 A.M. for the meeting with Brian and thereby Failed to Follow Supervisory Instruction. Your insistence that you did not receive these instructions is therefore false and evidences your lack of honesty and integrity.

3) In relation to Charge II, Specification 2, you state you had a class on June 3, 2019, beginning at 8 A.M., and that you had to get the room ready and that you did this "on my personal time". On approximately February 27, 2019, you received a Letter of Expectations from your supervisor, Brian Drapeaux, which stated that your tour of duty is set as 7 A.M. to 4 P.M. and that, "if you feel that your work requires you to be elsewhere or that you need to work at hours other than your scheduled tour of duty (including travel hours), you are to request such a change, through me, prior to any changes being made." You did not provide any evidence showing that you had requested to change your tour of duty through your supervisor or that this change had been approved. Additionally, on June 3, 2019, you sent an email to Brian stating that generally you "begin work at 6:00am" and that, on June 3, 2019, you "began at 5:30am". Your claim that you did this "on my personal time" is not supported by this email as in the body of the email, you refer to this as "hours of work put in", "REAL clock time that work is being performed", and in that

you asked for compensation for this time when you "deliberately choose COMP time in order to not create budgetary problems". Combined, these statements clearly indicate that you began work prior to the beginning of your tour of duty at 7 A.M and thereby Failed to Follow Supervisory Instruction.

## Penalty Analysis:

I have reviewed the Douglas Factors provided by the proposing official and have made the following analysis:

(1) Nature and Seriousness of Offense – *(The nature and seriousness of the offense, and its relation to the employee's duties, position, and responsibilities, including whether the offense was intentional or technical or inadvertent, or was committed maliciously or for gain, or was frequently repeated.)* As the park's Safety Manager, it is extremely important that you are on duty, as expected, and that you are able to be counted on to follow your supervisor's instructions. As noted in my February 26, 2019 memo to you, I requested that you notify me in advance of any change in work station or work hours and provided additional ways to contact me. You have clearly disregarded these instructions. **- I concur with the proposing official's assessment of this factor; additionally, at your level your supervisor should be able to rely on you to carry out his instructions without any follow-up.**

(2) Employee's Job – *(The employee's job level and type of employment, including supervisory or fiduciary role, contacts with the public, and prominence of the position.)* As the park's Safety Manager, you are held as a role model and you hold a prominent positon within the Park Senior Executive Team and although you do not currently have any subordinates, you are in a supervisory role. **- I concur with the proposing official's assessment of this factor; additionally, though you do not currently have subordinate employees, your position is supervisory and as such, you are held to a higher standard and are expected to be able to be counted on to carry out your assigned duties and to be present at work during your tour of duty.**

(3) Disciplinary Record – *(The employee's past disciplinary record.)* The employee has no discipline on record. **- I concur with the proposing official's assessment of this factor.**

(4) Work Record – (T*he employee's past work record, including length of service, performance on the job, ability to get along with fellow workers, and dependability.)* The employee has approximately 2 years of federal civilian service and has had fully successful performance. **- I concur with the proposing official's assessment of this factor.**

(5) Effect on Future Performance – *(The effect of the offense upon the employee's ability to perform at a satisfactory level and its effect upon the supervisor's confidence in the employee's ability to perform assigned duties.)* Your refusal to meet with me, as directed, is insubordination and calls into question how you will act in the future when given a direct order. Additionally, your 3 day unannounced and unapproved absence undermines your ability to be counted upon in the future. **- I concur with the proposing official's assessment of this factor.**

*(6)* Consistency with Other Penalties – *(The consistency of the penalty with those imposed upon other employees for the same or similar offenses.)* The proposed penalty is consistent with those imposed upon other employees at Grand Canyon National Park for the same or similar offenses (including a

Stephenson Decision Letter
**4 |** P a g e

reprimand for 15 minutes of AWOL and a suspension for failure to follow instructions). - **I concur with the proposing official's assessment of this factor as the comparator cases were first offenses.**

(7) *Consistency with Table of Penalties – (The consistency of the penalty with any applicable agency table of penalties.)* This proposal is consistent with the Table of Penalties. (first offense for AWOL – reprimand to 5 day suspension; first offense for Failure to Follow Instructions – reprimand to 14 day suspension) - **I concur with the proposing official's assessment of this factor; additionally, I have reviewed the Department of the Interior's Table of Offenses and Penalties, and the proposed penalty of a three (3) day suspension falls within the penalty range for a first offense for both charges at issue.**

(8) Notoriety and Impact – *(The notoriety of the offense or its impact upon the reputation of the Agency.)* Notoriety of the offense is low in regard to reputation of the Agency. However, notoriety of the offense is high in regard to the reputation of the Superintendent's Office in which you belong, within and outside of the park. - **I concur with the proposing official's assessment of this factor; additionally, your misconduct undermines your credibility with your coworkers and your supervisory chain.**

(9) Clarity of Notice - *(The clarity with which the employee was on notice of any rules that were violated in committing the offense, or had been warned about the conduct in question.)* Notifications were provided to you both by email and verbally (documentation dated on or about February 26, February 27, May 15, and May 16, 2019) regarding your tour of duty and what needed to be done if you were not going to be present for your tour of duty. You were also given written notice, on May 15, 2019, regarding my directive to meet with me on May 16, 2019 at 8:00 a.m. - **I concur with the proposing official's assessment of this factor.**

*(10)* Potential for Rehabilitation – *(The potential for the employee's rehabilitation.)* Despite the seriousness of the offenses at issue, I am hopeful that you will change your course of conduct in the future and that you have the potential for rehabilitation. However, based on your email from June 3, 2019, it appears that you continue to believe you can work at any time you wish, without getting supervisory approval. - **I concur with the proposing official's assessment of this factor.**

(11) Mitigating Circumstances – *(The mitigating circumstances surrounding the offense, such as unusual job tensions, personality problems, mental impairment, harassment, or bad faith, malice or provocation on the part of others involved in the matter.)* I see no mitigating factors regarding your misconduct. - **I concur with the proposing official's assessment of this factor.**

(12) Availability of Alternative Sanctions – *(The adequacy and effectiveness of alternative sanctions to deter such conduct in the future by the employee or others.)* I do not believe that any other alternative sanctions will deter future similar misconduct by you. - **I concur with the proposing official's assessment of this factor.**

**Decision**

Stephenson Decision Letter
**5** | P a g e

I find the proposed penalty of a three (3) day suspension reasonable under the circumstances. As such, I have decided to uphold the proposed three (3) day suspension. Please be aware, that if further misconduct occurs the Agency may take more serious adverse action up to and including removal.

Accordingly, it is my decision to suspend you, without pay, for a period of three (3) days effective July 22, 2019. As a result, a Standard Form (SF) 50 documenting this action will be placed in your Official Personnel Official. You will return to duty on July 25, 2019. I find that this action will improve the efficiency of the Federal service for the reasons cited in the referenced Notice of Proposed Suspension.

**Employee Rights and Procedures**
You have the right to contest this action through one of the two avenues outlined below. You may select only one avenue and your election will be considered final on the date any dispute or complaint is filed.

- You have the right to ask for a review under the Department of Interior Grievance procedures at the formal state of the process within fifteen (15) calendar days of the effective date of the proposed action. Please refer to those procedures for instructions on how to pursue this option. If you decide to file a formal grievance, please send the grievance attention to: Sean Quinn, Employee and Labor Relations, Intermountain Region, 928-638-7783, by email at sean_quinn@nps.gov.

- If you believe that this action is based on discrimination because of your race, color, religion, national origin, sex (to include sexual orientation), age, disability, genetic information, or reprisal, you may file a complaint with the Equal Employment Opportunity Office, in accordance with the EEO discrimination complaint procedures found in 29 CFR Part 1614. You must seek EEO counseling within forty-five (45) calendar days of the effective date of this action.

If you believe that personal, medical, or other problems are a reason for your misconduct, you may seek assistance by contacting Espyr the employee assistance program (EAP) at 1-800-869-0276 or you can visit their website at https://espyr.com/. When you click on the link to get assistance, it goes to the Espyr page where employees can enter **interioreap** as their user name/password. Counselors are available 24 hours a day to offer assistance. Any contact with EAP is voluntary and strictly confidential. No information is released without your express written consent.

If you have any questions concerning this letter, your rights, or procedures regarding this action, you may contact Sean Quinn, Employee and Labor Relations, Intermountain Region, 928-638-7783, by email at sean_quinn@nps.gov.

Please sign the receipt acknowledgment copy of this letter as evidence you have received it. Your signature does not mean that you agree or disagree with the contents of this memorandum, and by signing, you do not forfeit any of your rights cited above.

Woody Smell

Woody Smeck
Acting Superintendent
Grand Canyon National Park

Stephenson Decision Letter
**6 |** P a g e

## Employee Receipt of Acknowledgement

You are requested to sign and date this letter as evidence that you have received it. Your signature does not mean that you agree or disagree with the contents of this letter and by signing you will not forfeit any of the rights mentioned. However, your failure to sign will not void the contents of this letter.

Receipt Acknowledged: _Elofen Lula Stan_    Date: _7/10/2017_