MICHAEL BAILEY
United States Attorney
District of Arizona
LAURENCE G. TINSLEY, JR.
Assistant U.S. Attorney
Arizona State Bar No. 012581
Two Renaissance Square
40 North Central Ave., Suite 1800
Phoenix, Arizona  85004-4408
Telephone:  602-514-7500
Facsimile:   602-514-7760
Email:  Laurence.Tinsley@usdoj.gov

*Attorneys for United States of America*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Elston Stephenson,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Brian Drapeaux,<br><br>　　　　　　Defendant. | **CV-19-08268-PCT-DLR**<br><br>**UNITED STATES' MOTION FOR RELIEF FROM MANDATORY INITIAL DISCOVERY PILOT (MIDP) REQUIREMENTS AND MOTION TO VACATE RULE 16 CONFERENCE AND ASSOCIATED DEADLINES.**<br><br>**(Request for Expedited Ruling)** |

The United States,[1] which has only recently intervened in this matter, moves that the Court excuse the parties from the MIDP requirements and vacate the Rule 16 Conference currently scheduled for November 22, 2019 at 10:30 a.m., as well as the associated deadlines tied to the Rule 16 Conference.  This motion is based on the fact that the nature of this case requesting injunctive relief does not lend itself to pretrial disclosures, discovery, or a discovery schedule prior to a hearing or trial on the merits in this matter, and because a dispositive motion to dismiss under Rules 12(b)(1) and 12(b)(6) is pending

---

[1]  Counsel for the United States has requested authority to continue to represent Defendant Drapeaux but has not yet received it; however the arguments asserted in the United States' motion apply equally to Drapeaux's interests and positions.

before the Court.

Counsel for the United States has attempted personal consultation with Plaintiff, who is *pro per*, on several occasions prior to filing this motion, but Plaintiff has not yet participated in a meeting to confer about the legal issues raised by this lawsuit. The United States thus files this motion. Nor has Plaintiff initiated any conference with undersigned by the November 8, 2019 deadline, as ordered by the Court. Undersigned reached out to Plaintiff to initiate a conference, but as of the dictation of the Motion, Plaintiff has not contacted undersigned. Just prior to its filing, Plaintiff emailed undersigned indicating he would call later in the day, which may engender discussions on the scheduling memorandum.

Plaintiff's Complaint, requesting an injunction against alleged harassment, was originally filed in Flagstaff Justice Court. The Justice Court promptly scheduled it for a hearing on the merits. However, because Defendant Drapeaux is a Federal employee, the United States Attorney's Office removed this case pursuant to 28 U.S.C. § 1442(a)(1).

Due to the nature of the case, in which Plaintiff seeks a hearing on his motion for injunctive relief, and an Order of Protection, Defendant Drapeuax has not filed an Answer. Rather the United States, whose interests parallel Drapeuax's, has filed a motion to dismiss due to Plaintiff's failure to exhaust his administrative remedies under Title VII which preempts the claims Plaintiff brought in Justice Court, and under the FTCA. This is the type of matter that can only be resolved through a hearing with live testimony. Further, this lawsuit implicates Federal issues and the potential disruption of Federal agency business, so the United States filed a motion to intervene to protect its interests.

Further, the United States' motion to dismiss is now currently pending before the Court.[2] This motion challenges whether Plaintiff has stated valid claims for relief and whether the Court has subject matter jurisdiction due to Plaintiff's failure to exhaust any

---

[2] The motion to dismiss and the motion to intervene both put Plaintiff on notice of the legal defenses in this matter, and create good cause and other bases to extend the time for the Scheduling Conference and discovery deadlines.

1  administrative remedies under Title VII.  Plaintiff alleged that the facts of his request for
2  injunction relief form the basis of an EEOC complaint he brought against Defendant
3  Drapeaux.  Further, to the extent Plaintiff alleges a tort claim, he has failed to exhaust his
4  administrative remedies under the FTCA.

5  Since this case for injunctive relief does not lend itself to the mandates of the MIDP
6  General Order or to Rule 16 as shown above, the legal issues stated in the motion to dismiss
7  should be resolved first, before a Scheduling Conference, formal discovery, or the MIDP
8  disclosures take place.  The United States has certified that its counsel has attempted to
9  meet and confer with Plaintiff, who has not yet agreed to the conference.

10  If, after considering the currently pending motions, the Court believes the legal
11  issues cannot resolve the case, and believes that a hearing is required on Plaintiff's request
12  for a protective order or motion for injunctive relief, the United States suggests that the
13  Court reschedule the status conference for a future date at the Court's convenience, which
14  will allow the Court further address Plaintiff's claims.

15  RESPECTFULLY SUBMITTED this 14th day of November 2019.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/Laurence G. Tinsley, Jr.*
Laurence G. Tinsley, Jr.
Assistant U.S. Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and served a copy, via first-class mail, postage prepaid, of the document to the following recipient who is not a CM/ECF registrant:

Elston LeMans Stephenson
P.O. Box 129
Grand Canyon, AZ 86023
*Plaintiff*

*s/Irene Millsaps*
U.S. Attorney's Office