MICHAEL BAILEY
United States Attorney
District of Arizona
LAURENCE G. TINSLEY, JR.
Assistant U.S. Attorney
Arizona State Bar No. 012581
Two Renaissance Square
40 North Central Ave., Suite 1800
Phoenix, Arizona 85004-4408
Telephone: 602-514-7500
Facsimile: 602-514-7760
Email: Laurence.Tinsley@usdoj.gov

*Attorneys for United States of America*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Elston Stephenson,<br><br>            Plaintiff,<br><br>vs.<br><br>Brian Drapeaux,<br><br>            Defendant. | **CV-19-08268-PCT-DLR**<br><br>**INTERVENOR UNITED STATES' MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) and 12(b)(6)** |

The United States moves to dismiss Plaintiff's complaint.[1] Plaintiff has filed a claim for injunction against harassment, in which he appears to allege Title VII claims of a hostile work environment arising from "stalking" by Drapeaux, his supervisor, and/or tortious conduct by Drapeaux under the Federal Tort Claims Act (FTCA). Plaintiff's own pleadings admit that his work dispute allegations are related to claims he has pending before the Equal Employment Opportunity Commission (EEOC).

---

[1] Counsel for the United States has requested authority to continue to represent Defendant Drapeaux but has not yet received it; however, the arguments asserted in the United States' motion apply equally to Drapeaux's interests and positions.

The Court should dismiss for lack of subject matter jurisdiction and failure to state a claim because the Federal statutes prohibiting discrimination in Federal employment provide the exclusive remedy for claims of discrimination brought by Federal employees. Under the Title VII statutes, Federal employees are required to either exhaust their administrative remedies or provide timely notice to the EEOC prior to filing suit. Here, Plaintiff has not alleged either that he properly exhausted his claims or provided notice to the EEOC of his employment discrimination claims.

Further, to the extent Plaintiff's allegations can be construed as a tort claim, the Court should dismiss for lack of subject matter jurisdiction. The FTCA, 28 U.S.C. § 1346(b), provides a cause of action against the Federal government for persons injured by the tortious activity of a Federal employee acting within the scope of his office or employment. Plaintiff has not satisfied the jurisdictional prerequisite to a civil lawsuit under the FTCA since he never submitted an administrative tort claim with the National Park Service.

## I.     Introduction.

Plaintiff filed a Petition for an Injunction against Harassment in a Flagstaff Justice Court against his supervisor, Brian Drapeaux, Deputy Superintendent, Business Operations. *See* Drapeaux Declaration, attached as Exhibit C, at ¶ 1. Plaintiff alleges that his Supervisor "stalked him." Plaintiff brought this action after he learned that Drapeaux had allegedly driven onto Plaintiff's street in a neighborhood in a Grand Canyon National Park village to check on whether or not Plaintiff was misusing a government owned vehicle (GOV). Plaintiff alleges that he has an EEOC claim, alleging "Plaintiff has open formal EEOC complaint against Defendant which is likely to find [sic] in Plaintiff's favor." Dkt. 1, at 8.[2]

---

[2] In connection with these claims, Plaintiff filed an internal complaint with the U.S. Department of Interior, pursuant to Personnel Bulletin 18-01 (Exhibit A). Internal complaints pursuant to the Bulletin in Exhibit A can be filed when an employee claims to be subjected to harassment based on certain protected classification. These often precede EEOC complaints. The Department found no merit to his Personnel Bulletin complaint.

Defendant Drapeaux investigated Plaintiff because he had been directed by his own Supervisor to confirm that Plaintiff was not using the GOV during the time Plaintiff had been suspended and off duty. Exhibit C, at ¶ 2. Plaintiff had a history of often using the GOV without checking it out under proper protocols, and taking unapproved leaves of absences, setting his own work hours and schedule outside his mandated work hours without pre-authorization, and often using the GOV during these time frames. *Id*. Plaintiff would frequently take the GOV off Park land without permission, to run errands to cities miles away. *Id*.

Drapeaux also learned that Plaintiff treated the GOV as if it were his own personal car, in violation of NPS policy. *Id*. at ¶ 3. He personally saw the GOV at a coffee shop parking lot an hour away from the Grand Canyon and contacted Plaintiff inside the shop. *Id*. Plaintiff claimed to be working, though his duties had ended that day. *Id*. Drapeaux determined there was no valid business reason for the GOV to be there. *Id*.

The NPS determined that Plaintiff was not accountable for his time and would take unapproved leave and drive the GOV to various destinations both inside and outside the Park without alerting anyone of the trips he was taking or their purposes. *Id*. at ¶ 4. For instance, Plaintiff often used the GOV when he had no legitimate business reasons, including taking it home overnight and driving to destinations outside the Park when he was not on authorized travel. *Id*.

Investigation of his failure to follow NPS leave procedures and being absent without leave (AWOL) led to the Park issuing Plaintiff discipline in the form of a three day suspension. *See* Exhibit B, Approval of Proposed Suspension, dated July 10, 2019.

Drapeaux thus exercised legitimate managerial oversight over Plaintiff when Drapeaux checked the whereabouts of the GOV, both during and after the discipline that Plaintiff received. Plaintiff now characterizes that oversight as "stalking."

Plaintiff also alleged in his Petition that NPS management interfered with First Aid classes he taught, when his supervisor limited his use of equipment for the classes and

when managers attended the classes as part of routine oversight of its employees' work related activities, such as Plaintiff's.

## II.     Standard of review.

A motion to dismiss under 12(b)(1), F.R.C.P., tests the subject matter jurisdiction of the Court. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 (9th Cir.2003). A Rule 12(b)(1) motion can either attack the sufficiency of the pleadings to establish federal jurisdiction, or challenge the substance of the jurisdictional allegations despite the formal sufficiency of the complaint. *Thornhill Publ'g Co., Inc. v. Gen'l Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir.1979). "A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim." *Consejo de Desarrollo Economico de Mexicali, A.C. v. U.S.,* 482 F.3d 1157, 1173 (9th Cir.2007). "Federal courts are courts of limited jurisdiction…It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (citations omitted).

Further, under Rule 12(b)(6), a district court must dismiss the complaint if it fails to state a claim upon which relief can be granted. A court should grant dismissal pursuant to Rule 12(b)(6) where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). That standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Further, Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. at 556, n. 3. Further, a complaint does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Twombly*, 550 U.S. at 557.

**III.    Plaintiff's claim of work-related harassment should be dismissed.**

Plaintiff appears to seek relief for a claim of hostile work environment. He alleges that he has suffered workplace harassment by Defendant Drapeaux by alleging that Drapeaux came into his neighborhood and was stalking him. Plaintiff alleges this harassment is related to his pending EEOC claims. Dkt 1 at 8. However, to establish a *prima facie* claim of hostile work environment, a plaintiff must show that (1) he was subjected to verbal or physical conduct of a racial, national origin, sexual, disability, or age-based nature; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of employment and create an abusive work environment. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir.2004); *see also Fuller v. City of Oakland,* 47 F.3d 1522, 1527 (9th Cir.1995). A hostile work environment exists only "[w]hen the workplace is permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993) (quotations and citations omitted). The courts consistently apply this demanding hostile work environment standard "to ensure that Title VII does not become a general civility code," and to "filter out complaints attacking the ordinary tribulations of the workplace." *Forager v. City of Boca Raton*, 524 U.S. 775, 788 (1998). *See also* https://www.eeoc.gov/eeoc/index.cfm (EEOC only enforces federal laws that make it illegal to discriminate against an employee because of the person's race, color, religion, sex, national origin, age, disability, genetic information, prior participation in an employment discrimination investigation or lawsuit, or prior complaint of discrimination).

Plaintiff's complaints about what occurred at work after he was disciplined and suspended do not rise to the level of a hostile work environment as a matter of law.

1    Plaintiff's claims merely involve Drapeaux's legitimate oversight in checking on Plaintiff's
2    use of the GOV.  Plaintiff had misused the vehicle and received discipline for the misuse,
3    and Drapeaux was following up to ensure that Plaintiff was not violating the terms of his
4    discipline.

5    Though he attempts to relate this to his EEOC claims, Plaintiff's harassment claims
6    appear to have no legitimate relationship to discrimination.  His request for a restraining
7    order does not allege that any of defendant's actions were based on any protected trait.  His
8    vague allegations are thus insufficient to state an actionable hostile work environment
9    claim.  *Kortan v. California Youth Authority*, 217 F.3d 1104, 1107, 1111 (9th Cir.2000);
10   *Vasquez*, 349 F.3d at 642 (finding no race-based hostile work environment where plaintiff
11   alleged supervisory coworker told plaintiff two racial comments, yelled at plaintiff, made
12   negative remarks about him to others, and made false complaints about plaintiff); *Capristo
13   v. Brennan*, No. C-15-1071 EMC, 2015 WL 4396268, at *5 (N.D. Cal. July 17, 2015)
14   (dismissing a hostile work environment claim in which the alleged misconduct was one
15   incident of yelling by a supervisor and plaintiff made no allegations that the verbal
16   harassment was based on plaintiff's race or national origin).

17   Rather, Plaintiff improperly seeks injunctive relief for allegedly irritating or
18   harassing acts such as Drapeaux coming near his home while he was suspended.  Even if
19   Plaintiff could properly allege a Title VII violation involving a hostile work environment
20   tantamount to discrimination, no applicable waiver of sovereign immunity permits him to
21   obtain a restraining order against his supervisor for alleged employment discrimination
22   through state court civil procedural rules as Plaintiff has attempted with his filing for
23   injunctive relief.  *See Lau v. Wong,* 2013 WL 2181655 at *1, *6 (plaintiff's FTCA and
24   Title VII claims were barred, dismissing the plaintiff's request for a restraining order
25   against her supervisor based on allegations that supervisor ordered her into his office for
26   unclear reasons, berated her, acted in a belligerent and abusive manner, followed her
27   around the office, and threw a "reprimand letter" in the direction of her "vaginal area").
28

Plaintiff's claims are thus precluded by Title VII, and should be dismissed for lack of subject matter jurisdiction.

Title VII is the exclusive judicial remedy for claims of race, national origin, religion, or sex discrimination in federal employment and expressly limits a plaintiff's remedies to those enumerated in the statute. *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 825 (1976); 42 U.S.C. § 2000e-16, 42 U.S.C. § 2000e-5(f)-(k); *Boyd v. USPS*, 752 F.2d 410, 413-14 (9th Cir.1985); 42 U.S.C. § 2000e-16, 42 U.S.C. § 2000e-5(f)-(k). Where a federal employee asserts a claim under Title VII, that statute is exclusive of any other remedy against both the federal government and the individual Federal employee alleged to have participated in the discrimination. *White v. Gen. Servs. Admin.*, 652 F.2d 913, 916-17 (9th Cir.1981). Accordingly, Plaintiff's action should be dismissed.

    A.    *Plaintiff's employment discrimination claim is also subject to dismissal for failure to exhaust administrative remedies.*

Even if Plaintiff's allegations were legally viable as a Title VII claim, his harassment action must be dismissed because Title VII requires that the federal employee either exhaust her administrative remedies, or provide notice to the EEOC, as a statutory precondition to filing suit. Where a plaintiff has not substantially complied with administrative exhaustion requirements, the federal district court does not have subject matter jurisdiction to hear a Title VII claim. *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir.2003); s*ee also Brown*, *supra*, 425 U.S. at 832-33 (Title VII); *Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir.2002). In this matter, Plaintiff both alleged that he has a contemporaneous and related EEOC claim against Drapeaux, and also brought a potential precursor action to this claim. *See* n.1, *supra*.

A federal employee seeking to pursue an individual complaint of discrimination under Title VII must initiate contact with an EEO counselor within 45 days of the allegedly discriminatory matter. 29 C.F.R. § 1614.105(a). If the matter is not resolved through counseling, the EEO counselor must inform the complainant of the right to file a formal complaint. 29 C.F.R. §§ 1614.105(b)(1), (c), (d), 1614.106(b). Once a formal EEO

complaint has been filed, the Agency has 180 days from the filing date to investigate the issues raised in the complaint. Only after 180 days have lapsed or the Agency has issued a final agency decision, whichever is earlier, may the employee pursue a claim in federal district court. 42 U.S.C. § 2000e-16(c); 29 C.F.R. §§ 1614.107(b). Given that he has failed to follow this enumerated process, Plaintiff thus cannot obtain a restraining order against his supervisor for alleged employment discrimination through state civil procedural rules.[3]

Since Plaintiff has failed to exhaust these administrative remedies, the Court has no subject matter jurisdiction.

### IV. Plaintiff's tort claim should be dismissed for lack of subject matter jurisdiction.

To the extent Plaintiff's request for a restraining order arises from alleged tortious conduct, Drapeaux enjoys absolute immunity from suit for common law torts committed within the scope of his Federal employment and should be dismissed. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). A waiver of sovereign immunity must be "unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Under the FTCA, the United States has waived its immunity from suit for certain torts and in expressly prescribed circumstances. 28 U.S.C. §§ 1346(b), 2671-2680. The FTCA provides a cause of action against the federal government for "persons injured by the tortious activity of an employee of the United States where the employee was 'acting within the scope of his

---

[3] Finally, under Title VII, the only proper defendant to any claims brought by a Federal employee is the head of the agency or department. 42 U.S.C. § 2000e-16(c). *See e.g. Johnston v. Home*, 875 F.2d 1415, 1419-20 (9th Cir.1989); *White, supra*, 652 F.2d at 916, n.4 (Title VII); The Ninth Circuit has "consistently held that Title VII does not provide a cause of action for damages against supervisors or fellow employees." *Holly D. v. California Institute of Technology*, 339 F.3d 1158, 1179 (9th Cir.2003); *Hodge v. Dalton,* 107 F.3d 705, 707 (9th Cir.1997) ("The doctrine of sovereign immunity applies to federal agencies and federal officials acting within their official capacities."). Thus the only proper defendant in the Title VII claim would be the Secretary of the Interior, David Bernhardt. Defendant Drapeaux should be dismissed.

office or employment…'" *Wilson v. Drake*, 87 F.3d 1073, 1076 (9th Cir. 1996) (quoting 28 U.S.C.§ 1346(b)).

The FTCA provides a limited waiver of sovereign immunity. 28 U.S.C § 2675(a). A district court has no subject matter jurisdiction over an FTCA claim unless the plaintiff has first presented a claim to the appropriate agency, and either (1) the claim was "finally denied" in writing, or (2) six months have passed since the claim was submitted. 28 U.S.C. § 2675(a). The claim requirement is jurisdictional in nature and cannot be waived. *McNeil v. U.S.,* 508 U.S. 106, 11-12 (1993); *Burns v. U.S.*, 764 F.2d 722, 723 (9th Cir.1985). The plaintiff in an action seeking relief under the FTCA has the burden of pleading and proving that she complied with the FTCA's administrative claim presentment requirement. *See Bruce v. U.S.,* 621 F.2d 914, 918 (8th Cir.1980). Because plaintiff cannot show that he exhausted administrative remedies for his potential tort claim, the Court lacks subject matter jurisdiction.

Further, the Federal Employees Liability Reform and Tort Compensation Act of 1988 provides that the FTCA is the exclusive remedy for tortious acts and omissions committed by Federal employees acting within the scope of their employment, and precludes other civil actions that arise out of such acts or omissions. *See* 28 U.S.C. § 2679(b)(1).

## Conclusion

As discussed above, no applicable waiver of sovereign immunity permits a restraining order against Plaintiff's supervisor. As the court stated in *Andrejko. v. Sanders*, 638 F.Supp. 449, 452 (M.D.1986):

> Clearly there is a federal interest here.  One can easily imagine the disruption that might occur in federal work places if federal employees were allowed to lodge and maintain state tort claims against any superior with whom they had an axe to grind. The resultant wave of litigation might well impair the ability of the various federal agencies to function efficiently.

*See also Lau*, *supra*, at *6 ("to allow [plaintiff's] claims to proceed now would be to allow her to 'circumvent the EEOC's investigatory and conciliatory role, as well as deprive the

charged party of notice of the charge.")  Plaintiff should not be allowed to violate this public policy, or be allowed to avoid exhausting his claims, whether under Title VII or the FTCA.

      Accordingly, the entire action should be dismissed.

      RESPECTFULLY SUBMITTED this 14th day of November 2019.

                              MICHAEL BAILEY
                              United States Attorney
                              District of Arizona

                              *s/Laurence G. Tinsley, Jr.*
                              Laurence G. Tinsley, Jr.
                              Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and served a copy, via first-class mail, postage prepaid, of the document to the following recipient who is not a CM/ECF registrant:

Elston LeMans Stephenson
P.O. Box 129
Grand Canyon, AZ 86023
*Plaintiff*

*s/Irene Millsaps*
U.S. Attorney's Office