# EXHIBIT C

# EXHIBIT C

MICHAEL BAILEY
United States Attorney
District of Arizona
LAURENCE G. TINSLEY, JR.
Assistant U.S. Attorney
Arizona State Bar No. 012581
Two Renaissance Square
40 North Central Ave., Suite 1800
Phoenix, Arizona 85004-4408
Telephone: 602-514-7500
Facsimile: 602-514-7760
Email: Laurence.Tinsley@usdoj.gov

Attorneys for United States of America and Defendant Drapeaux

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elston Stephenson,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Brian Drapeaux,<br><br>　　　　　Defendant. | CV-19-08268-PCT-DLR<br><br>**DECLARATION OF BRIAN DRAPEAUX IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

I, Brian Drapeaux, make the following declaration in lieu of an affidavit, as permitted by Section 1746 of Title 28 of the United States Code:

1. I am employed as the Deputy Superintendent, Business Operations, for Grand Canyon National Park (the "Park"), National Park Service, U.S. Department of the Interior ("Agency"). In the course of my duties and responsibilities, I oversee all business operations for the Park. From 08/01/17 to 08/01/19, I was the first line supervisor for Elston Stephenson ("Plaintiff"), who has been employed as a Safety Health & Wellness Manager for the Park.

2. I investigated Plaintiff because I had been directed by my own

Supervisor to confirm that Plaintiff was not using a government vehicle ("GOV") during the time Plaintiff had been suspended and off duty. Plaintiff had a history of often using the GOV without checking it out under proper protocols, and taking unapproved leaves of absences, setting his own work hours and schedule outside his mandated work hours without pre-authorization, and often using the GOV during these time frames. Plaintiff would frequently take the GOV off Park land without permission, to run errands to cities miles away.

3. I also learned that Plaintiff treated the GOV as if it were his own personal car, in violation of NPS policy. I personally saw the GOV at a coffee shop parking lot outside the park and away from the Grand Canyon and contacted Plaintiff inside the shop. Plaintiff claimed to be working, though is tour of duty had already ended. I determined there was no valid business reason for the GOV to be there.

4. The NPS determined that Plaintiff was not accountable for his time and would take unapproved leave and drive the GOV to various destinations both inside and outside the Park without alerting anyone of the trips he was taking or their purposes. For instance, Plaintiff often used the GOV when he had no legitimate business reasons, including taking it home overnight and driving to destinations outside the park when he was not on authorized travel.

5. I declare under penalty of perjury that the information stated herein is true and correct to the best of my knowledge.

DATED: Nov. 14/19

Brian Drapeaux