Elston L Stephenson (Plaintiff)
Case 3:19-cv-08268-DLR
P.O. Box 129
Grand Canyon, AZ 86023
December 2, 2019



U.S. District Court Clerk's Office
Sandra Day O'Connor U.S. Courthouse, Suite 130
401 W. Washington Street, SPC 1
Phoenix, AZ 85003-2118

Dear Court,

Please receive and consider this request for STIPULATION FOR EXTENSION OF TIME TO ANSWER (First Request) in the case of STEPHENSON V DRAPEAUX corrected to reflect *Local Rules for Civil Procedure* and to supersede version dated November 27, 2019.

Thank You


Sincerely,

*[signature]*

Elston L Stephenson
Safety Health & Wellness Manager
Tort Claims Officer
Grand Canyon National Park
928-255-8727

4

Elston L Stephenson (Plaintiff)
Case 3:19-cv-08268-DLR
P.O. Box 129
Grand Canyon, AZ 86023
December 2, 2019

U.S. District Court Clerk's Office
Sandra Day O'Connor U.S. Courthouse, Suite 130
401 W. Washington Street, SPC 1
Phoenix, AZ 85003-2118

Dear Court,

Please receive and consider this request for STIPULATION FOR EXTENSION OF TIME TO ANSWER (First Request) in the case of STEPHENSON V DRAPEAUX corrected to reflect *Local Rules for Civil Procedure* and to supersede version dated November 27, 2019.

Thank You

Sincerely,

Elston L Stephenson

## REQUEST FOR EXTENSION

Your Honor, respectfully, I seek a 30-day Extension in this case in order to secure professional legal counsel.

Your Honor, this case meets elements (1)(A)(i)(ii) and (2)(A)(B) of 18USC §2261A and is ripe for a fair hearing before a Finder of Fact.

1

There is a *prima facie*. In the Motion-to-Dismiss and 'other instances' Defendant and others admit to at least (2)(B) "place under surveillance". Plaintiff is a (1)(A)(i)/(1)(A)(ii) "person and family [placed] in reasonable fear"...(1)(B) "caused [by]" Defendant's (2) "surveillance". Plaintiff asserts at least that Defendant's actions (1)(B) "caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to a person in clauses (i) and (ii) of subparagraph (A) *and* (2) "with [at least] the intent to harass, intimidate, *and* place under surveillance with intent to [at least] harass or intimidate another person *used* [at least] computer service or electronic communication service or electronic communication system...to engage in a course of conduct that [at least] (B) "causes , attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person described in clauses (i) and (ii) of paragraph (1)(A).

This is a question and controversy for Finder of Fact.

The Court will also discover that there are interests compelling that this case should see its day in court. Among the most important is public safety at this iconic premier destination.

While the decision before the Court at this stage is the Motion-to-Dismiss it is hoped that the Court considers the information below a measure of the merit to seeing this case through to verdict.

Evidence such as the key witness statement regarding not only the stalking incident but also the hostility and attacks on Plaintiff by Defendant and others in retaliation for Whistleblowing and reporting potentially deadly safety hazards and resisting pressures to participate in frauds demonstrates the risk of harm to Plaintiff by the Defendant.

This case—this Court is the only jurisdiction for immediately stopping the stalking and protect Plaintiff.

Whistleblower complaints sent directly to two Secretaries of Interior, two DOI Inspectors General, and two Directors of the National Park Service include 18+ years of uranium exposure of workers and the public at Grand Canyon National Park (GRCA), attempts to cover it up ('secret pacts'), other life-threatening

2

health hazards, worker intimidation, specific instances of fraud, and peddling in false statements and falsified official documents by senior-most GRCA Park officials. This includes the most recent submitting of knowingly falsified official statements and creating and submitting knowingly falsified official documents to OSHA on June 19, 2019 in an attempt to fraudulently defeat OSHA citations issued in the uranium case.

Government's Title VII rationale is made entirely based on my race. If I were white ('unprotected class') Government would not be able to make this argument to deny my access to 18USC 2261A and Injunction/ Restraining order. Hence Government's Motion seeks to deny my access to 18USC 2261A remedies based on my race, and is therefore un-Constitutional.

Defendant likely committed several acts of perjury in Government's Motion before this court. This should not only offend the Court, but may be grounds to Deny Motion as well as weigh towards Defendant's credibility in all matters before this and any Court.

The Court will notice that as a non-lawyer 'pro se' I am greatly out matched by facing off against not only the Department of Justice U.S. Attorney's Office, but the Department of the Interior Solicitor's Office as well. This is an overwhelmingly one-sided legal fight.

In the interest of justice and fairness, I respectfully ask that the Court extends the Plaintiff response/opposition deadline to the U.S. Attorney's Office's Motion-to-Dismiss for 30 days so that I may secure professional legal counsel.

Respectfully Submitted

*[signature]*

Elston L Stephenson, OHST
Safety Health & Wellness Manager
Tort Claims Officer
Grand Canyon National Park
928-255-8727