Elston L Stephenson (Plaintiff)
Case 3:19-cv-08268-DLR
P.O. Box 129
Grand Canyon, AZ 86023
January 11, 2020



U.S. District Court Clerk's Office
Sandra Day O'Connor U.S. Courthouse, Suite 130
401 W. Washington Street, SPC 1
Phoenix, AZ 85003-2118


Dear Court,

Please receive and consider this ANSWER to MOTION TO DISMISS in the case of STEPHENSON V

DRAPEAUX.

Thank You

Sincerely,


Elston L Stephenson


# ANSWER

Your Honor, the Court will find that the facts establish a prima facie, and meets all elements of

stalking under 18USC § 2261A and is ripe for Finder of Fact. Defendant was stalking Plaintiff's home.

Defendant does not deny these basic facts of his actions. On this basis alone Defendant's Motion to Dismiss

should be Denied.  Further Defendant's multiple instances of documented, material perjury in this case

before this Court—should not only offend this Court, but should be a basis for not only Denial of Motion to

1

Dismiss, but see Defendant prosecuted for Perjury. Additionally, as U.S. Attorney was alerted to documented proof of Defendant's perjury; this not only presents a *Nix v. Whiteside*, 475 U.S.157 (1986) problem for the U.S. Attorney's Office, but ABA Model Rules, Model Rules of Professional Conduct, and even DOJ's Justice Manual (Section 1752) problems as well.

Secondly, even if these were not true U.S. Attorney dismantles its own defense by stating all at once that Defendant was just doing his job "legitimately". In virtually the next breath Counsel argues that Plaintiff should seek remedy and safety from defendant's stalking—not before this Court, but before the EEOC. If Defendant was just doing his job 'legitimately' as Counsel attempts to sell to the Court; then there would be no reason to go then try to convince the Court that Defendant's *illegitimate* acts should be addressed by the EEOC. Counsel's indecisiveness about which defense to choose—"I was just doing my job" or "My stalking conduct should be address—not here, but in another forum" should be cross examined, and tested before a Finder of Fact. For this reason alone should be reason to Deny Motion to Dismiss.

Finally, You Honor, Defense's—U.S. Attorney's assertion that this is an EEOC matter as a way of denying Plaintiff access to 18 USC § 2261A is made on the basis of Plaintiff's race alone. This is proved by simply examining the fact that if Plaintiff were white—not in a 'protected class'; the U.S. Attorney would not be able to make such an argument. This attempts to deny Plaintiff 'equal access' to 18 USC § 2261A and this Court itself on the basis of his race and is therefore a violation of the Constitution—(at least) Section 1 or the Fourteenth Amendment. Defendant's Motion to Dismiss should not only be Denied so that this can be tested before a Finder of Fact, but clearly serves as grounds for Appeal, later.

Your Honor, Plaintiff turned to this Court because GRCA Superintendent 2, NPS Intermountain Region, and others falsified the DOI's DO 16E Harassment protocols and investigation—never even interviewing (after more than a month) Plaintiff or the eye witness who caught Defendant stalking Plaintiff's home. As the Court listens to the witness' statement (Exhibit A-1) it will find him credible as he was so alarmed by Defendant's stalking that he broke from his work to go pound on Plaintiff's door to warn him.

Testimony shows that not knowing that Plaintiff was out of town (in LA) at the time, the witness was so distressed that he went out of his way to go to Plaintiff's office when Plaintiff returned 3 days later to warn him—pacing the hall several times to wait for Plaintiff to finish with safety business with another NPS employee. However, what should startle and chill the Court is the end of Witness 1's statement where does into shocking detail which describes the brutal, ceaseless campaign of retaliation against, targeting and mistreatment of Plaintiff by Defendant and other senior-most GRCA leadership—retaliation, clearly as Witness 1 describes it because Plaintiff doggedly went about his job of keeping Grand Canyon's workers and visitors safe--Motive.

Plaintiff, a retired U.S. Army officer, former attack helicopter pilot, and leader who served on this Nation's frontlines is the product of decades of mentors, leaders, and a culture of Integrity. He was appalled when he came upon a DOI, NPS, IMR, and GRCA culture where falsified statements, falsified documents— fraud was the norm. Worse; where workers and visitors alike were being place in danger as if it meant nothing. If allowed before a Court as a fuller demonstration of Motive for Defendant and other to do him harm, Plaintiff (as already evidenced in the Exhibits) will demonstrate (also in the Exhibits) a clear and repeated fact pattern. Every time that Plaintiff (arguably one of NPS' most expert, experienced, and formally trained Safety Professionals) found a situation which could result in death, he took it first to the GRCA Superintendents. Evidence already submitted will show that they failed or refused to take action each and every time. And that when they failed Plaintiff took it directly to the Secretary of the Interior and the DOI Inspector General; uranium, failed AEDs, falsified helicopter accident investigations, and more. Denying the Motion to Dismiss will allow Defendant to firmly establish these as Motive for Defendant and others targeting him.

Allowing this case to go forward—evidence will demonstrate how Defendant and GRCA Superintendent 2 were so intent on inflicting maximum harm on Plaintiff that they violated DOI/NPS regulations as they plotted to deny him professional training required maintain his hard earned Safety

3

certifications. The intense desire to inflict harm on him extended to forcing him to pay out-of-pocket for this required training. This intensity to inflict harm on Plaintiff went even further as they violated OPM regulations and forced him to burn personal leave to attend. The Court will see that this plot to inflict maximum pain on Plaintiff worked as he and his family were forced to skip to house payments in order to fund the training in order to not lose his certification. As a result of Defendant and GRCA Superintendent 2's actions, Plaintiff is on the brink of foreclosure peppered with near daily phone calls and emails.

Evidence will demonstrate that this is but just once such instance—instances such as Defendant and GRCA Superintendent conjuring up suspending Plaintiff for coming to work early.

Evidence will also demonstrate that Defendant began a 'crack down' on Plaintiff once he learned that Plaintiff was seeking to work with the U.S. Attorney's Office and OSHA report the widespread fraud.

Denying Motion to Dismiss—allowing Justice to move forward will allow evidence which will incontrovertibly demonstrate Defendant's motive and justification for Injunction Against Harassment.

Finally, Denying Defendant's Motion to Dismiss will all Plaintiff to demonstrate that the danger to Grand Canyon National Park worker and visitor safety is not merely an abstraction or notional. The October 28, 2019 incident (video Exhibit) of a helicopter flailing wildly out of control before desperately jettisoning—raining 5,000lbs of steel onto the Park of workers and visitors below was a direct result of fraud in falsifying that a helicopter incident which knocked out power to the computerized SCADA system—resulting in the failure to pump water to the entire Park. Evidence will show that in these falsified 'investigations' not only were key witnesses not interviewed, but no 'investigator' even went to the accident scenes. Evidence will show that Plaintiff—arguably one of NPS' most formally trained and experience aviation accident investigators hiked the 11 miles down and back into the Canyon to conduct his own serious investigation. And that he found that the root causes of the first accident were also the root causes of the second.  And that to this day GRCA leadership attempts to hide the dollar amount lost in the highly preventable dropping

of the steel piping. As the Court will be shocked by the sight of the video footage; the Court will also appreciate that it was only a matter of luck that someone did not get killed as a result of this Culture of Fraud. Evidence will show that just as in the other incidents; Plaintiff first took this to the GRCA Superintendent's Office. When they failed. Plaintiff took this potential to result in death directly to the Secretary of the Interior and DOI Inspector General.

You Honor, Defendant and Counsel would like this Court to believe the folly that Defendant was some sort of 'crime fighter on a stake-out fighting crime. Respectfully, the Court should not believe this. This is Defendant's fall back alibi. He tried the exact same alibi as he was caught lying and swindling Superintendent 1 by the DOI IG in IG Report 18-1188 (Exhibit ). At all rates, the assertion that Defendant was on a stake out approved by Superintendent 2 has already been proven as perjury in the Exhibits before this Court.

Your Honor, respectfully, at all rates Denying the Motion to Dismiss will allow these suggestions— along with witnesses to be deposed under threat of prosecution for perjury--examined, cross-examined and justly weighed before a Finder of Fact.

Defendant meant me harm when he came to my house. I can prove it in Court.

I pray that your Honor—this Court allows me the opportunity by Denying Motion to Dismiss.

Thank You, Your Honor.

Respectfully Submitted,

Elston L Stephenson, OHST
Safety Health & Wellness Manager
Tort Claims Officer
Grand Canyon National Park
928-255-8727

U.S. DEPARTMENT OF THE INTERIOR
NATIONAL PARK SERVICE
GRAND CANYON NATIONAL PARK

ELSTON "SWEDE" STEPHENSON, OHST
SAFETY HEALTH & WELLNESS MANAGER

P.O. BOX 129
GRAND CANYON, ARIZONA 86023

elston_stephenson@nps.gov          TEL: (928) 255-8727