MICHAEL BAILEY
United States Attorney
District of Arizona
LAURENCE G. TINSLEY, JR.
Assistant U.S. Attorney
Arizona State Bar No. 012581
Two Renaissance Square
40 North Central Ave., Suite 1800
Phoenix, Arizona  85004-4449
Telephone:  602-514-7500
Facsimile:   602-514-7693
Email:  Laurence.Tinsley@usdoj.gov
*Attorneys for United States of America*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elston Stephenson,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Brian Drapeaux,<br><br>　　　　　Defendant. | **CV-19-08268-PCT-DLR**<br><br>**UNITED STATES' REPLY IN SUPPORT<br>OF MOTION TO DISMISS** |

　　　None of the voluminous documents that Plaintiff has submitted on the record and filed with the Court, and none of the arguments he makes about them, are legally relevant. Whether or not all the events Plaintiff alleges in his Response and other filings occurred, this Court does not have jurisdiction in this matter because Plaintiff has not exhausted his administrative remedies for his EEOC and potential FTCA claims, as required by law.

　　　In his Complaint, Plaintiff specifically alleges that his claims for injunction filed against his supervisor, Drapeaux, for alleged harassment formed part of a much broader EEOC claim.  *See* Dkt. 1, Plaintiff's Complaint at 12 ("Plaintiff has open formal EEOC complaint against Defendant [Drapeaux] which is likely to find [sic] in Plaintiff's favor.").

However, Title VII requires that Plaintiff exhaust his administrative remedies before the EEOC before this Court can exercise jurisdiction over the Complaint at issue.

Rather than pleading facts to establish jurisdiction over his claims by showing that he has exhausted his administrative remedies, Plaintiff instead makes frivolous and irrelevant allegations about his employer to distract attention from his improper attempt to circumvent the EEOC by seeking an order of protection against his supervisor, Drapeaux, in state Justice Court before the EEOC issued its decision on his complaint. Because Drapeaux is a Federal employee, Plaintiff was precluded by Title VII from filing a state law claim against him pertaining to circumstances related to or arising from Plaintiff's employment with the Federal government. As a result, this case was properly removed to District Court. But Plaintiff failed to state a claim without properly exhausting his claims, or availing himself of the proper administrative process.

Federal statutes prohibiting discrimination and retaliation (*see* 42 U.S.C. § 2000e-3(a), providing that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment…because he has opposed any practice made an unlawful employment practice by this subchapter, or because he made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.")[1] provide the exclusive

---

[1] Given that Title VII also applies to retaliation claims, it is unclear why Plaintiff criticizes Defendant's assertion that this is an EEOC claim, arguing, pejoratively, that Defendant's assertion is made "on the basis of Plaintiff's race alone." Response at 2. Plaintiff himself asserted this was an EEOC matter in his own Complaint and took steps to assert this claim. *See* Dkt. 13, n.2, Motion to Dismiss, which points out that (1) Plaintiff filed an internal complaint with the Department of Interior, in which he argued he had been subjected to harassment based on protected classifications, and (2) that these internal complaints are often the precursors to EEOC complaints. Plaintiff also asserts in his pleadings that he was subject to retaliatory conduct (presumably arguing that retaliation occurred because he filed an EEOC claim in the first place), which is one of the non-race based underpinnings of EEOC complaints. *See White v. GSA*, 652 F.2d 913, 916-17 (9th Cir.1981) (in the context of federal employment, any claims of retaliation are within Title VII's scope); *Gomez-Perez v. Potter*, 476 F.3d 54, 58 (1st Cir.2007).

remedy for cognizable claims of discrimination and retaliation. Further, the FTCA, 28 U.S.C. § 1346(b) alone provides a cause of action against the Federal government for persons allegedly injured by the tortious activity of a Federal employee working in the scope of his or her office or employment.

Since Plaintiff has not satisfied the jurisdictional prerequisites for a civil lawsuit, and because he never submitted administrative claims with the National Park Service, this case must be dismissed.

### I. Plaintiff's new arguments, claims and documents are not legally relevant.

Whether or not Drapeaux engaged in legitimate managerial oversight in determining if Plaintiff was misusing the GOV during his work suspension (arising from Plaintiff's ongoing history of treating the GOV as his personal vehicle without permission or following proper protocols), or whether or not Drapeaux is untruthful as Plaintiff claims, is legally irrelevant. Plaintiff's claim falls squarely within the EEOC's provisions barring discrimination, including a hostile work environment and retaliation. Plaintiff himself recognized this when he filed the injunction against harassment against Drapeaux in state Justice Court, by acknowledging and alleging these claims were part of his EEOC claim against his supervisor. Plaintiff's admission should be dispositive. The courts have barred these claims under similar circumstances. *See e.g. Andrejko v. Sanders*, 638 F.Supp. 449 (M.D.Penn.1986) (harassment suit by federal employee against supervisor dismissed); *Bagwell v. Brannum*, 533 F.Supp. 362 (N.D.Ga.1982) (suit by federal employee against supervisor for assault dismissed); *Lau v. Wong*, No. C-13-000763-LB, 2013 WL 2181655, \*4 (N.D.Calif. May 20, 2013) (discussing the same and dismissing petition for injunction against harassment); *Chan v. Salas*, No. C-10-04348-MEJ, 2011 WL 2493730, at \*4 (N.D.Cal. June 23, 2011) (similar).

What is purported to be documentary evidence submitted by Plaintiff has no legal significance or relevance given his failure to establish this Court's jurisdiction over his complaint. None of the submitted documents establish sufficient facts under Title VII or

1 any other cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699
2 (9th Cir.1990). The law requires more than conclusory statements and bare allegations.
3 *See also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007) (without some factual
4 allegation in the complaint, it cannot satisfy the requirement of providing 'fair notice" of
5 the nature of the claim, or the "grounds" on which the claim rests). Quite simply, Plaintiff
6 fails to state a claim under Rule 12(b)(6), and the Court has no jurisdiction under Rule
7 12(b)(1).

8 As shown, construing Plaintiff's original complaint about his supervisor's alleged
9 "stalking" to be an allegation about a hostile work environment, this conduct does not rise
10 to the level of discrimination. Plaintiff improperly sought injunctive relief for allegedly
11 irritating acts occurring while he was suspended, which Title VII does not protect.
12 *Forager v. City of Boca Raton*, 524 U.S. 775, 788 (1998). But even if Plaintiff's claims
13 could be construed as a Title VII claim, and even if the Court construed Plaintiff's new
14 complaints about retaliation as a prohibited Title VII event, Plaintiff's failure to exhaust
15 these claims administratively with the EEOC deprives this Court of jurisdiction. *See Leong*
16 *v. Potter*, 347 F.3d 1117, 1122 (9th Cir.2003).

17 Plaintiff alleged he has a contemporaneous and related EEOC claim against
18 Drapeaux, but that matter has not resolved. Further, he brought a precursor action to his
19 EEOC claim, *i.e.,* his internal bulletin complaint. Plaintiff failed to follow the strict
20 administrative process stated under Title 29 of the Code of Regulations that calls for a
21 claimant to initiate contact with an EEO counselor within 45 days of the alleged
22 discrimination or act, and for the Agency to resolve it within 180 days of investigating, if
23 counseling does not resolve the matter and the claimant thus files a formal complaint. *See*
24 42 U.S.C. § 2000e-16(c); 29 C.F.R. §§ 1614.105(a), (b)(1), (c), (d), 1614.106(b),
25 1614.107(b).

26 Given that he failed to follow this enumerated process, Plaintiff cannot now obtain
27 a restraining order against his Supervisor from this Court for an allegedly hostile work
28 environment. This remains a matter for the EEOC to resolve. The federal district court

would have no jurisdiction unless and until Plaintiff exhausts his administrative remedies.

## II. The Court has no jurisdiction over Plaintiff's potential FTCA claim since he also failed to administratively exhaust it with the National Park Service.

To the extent Plaintiff has brought a tort claim, Plaintiff has also violated the Federal Tort Claims Act (FTCA).  The Federal Employees Liability Reform and Tort Compensation Act of 1988 provides that the FTCA is the exclusive remedy for tortious acts and omissions allegedly committed by federal employees acting within the scope of their employment.  It precludes other civil actions arising out of such acts or omissions. *See* 28 U.S.C. § 2679(b)(1).  Thus to the extent Plaintiff attempts to state a tort action, this Court similarly lacks subject matter jurisdiction to adjudicate the Complaint.  As with his EEOC claim, because Plaintiff failed to first present his claim to the appropriate agency and exhaust administrative remedies,  Plaintiff's premature lawsuit left the National Park Service no time or opportunity to administratively review or accept or deny the claim under 28 U.S.C. § 2675(a).  Plaintiff's failure to bring an administrative claim under the FTCA is undisputed.

Plaintiff should not be allowed to bypass the administrative process under Title VII. Ensuring plaintiffs exhaust administrative remedies before bringing and filing a claim in District Court prevents disruption to efficiency of the Federal government and Federal work places by preventing claimants from filing state tort claims against supervisors for alleged acts of discrimination, as Plaintiff did. *See e.g.* United States' Motion to Intervene at 1 ("The United States of America moves to intervene to protect its separate interests, including its right to conduct government business unfettered by an injunction that would interfere with the National Park Service's and its management's ability to run Grand Canyon National Park); *Id*. at 3 ("Legitimate government business would be impinged by the proposed injunction"; "the proposed injunction would pose significant logistical problems for the NPS.").  Administrative remedies are also in place to allow Federal agencies to evaluate whether plaintiffs allege a legitimate, colorable claim under the FTCA.

The National Park Service was entitled to evaluate Plaintiff's claims under the jurisprudence developed under the FTCA. For instance, it was entitled to evaluate Plaintiff's claim and determine whether or not the relief requested fell within the waiver of sovereign immunity for these types of matters. *See e.g. FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (court lacks jurisdiction absent express waiver of sovereign immunity); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir.1985) (suit against IRS agents barred by sovereign immunity); *FBI v. Superior Court of the State of California,* 507 F.Supp.2d 1082, 1094 (N.D.Calif.2007) (state court lacked jurisdiction to enforce subpoena, and suit against agent was barred by sovereign immunity). To the extent Plaintiff alleges an FTCA claim, his failure to exhaust his administrative remedies further deprives this Court of jurisdiction.

For all the foregoing reasons, the United States' Motion to Dismiss must be granted.

RESPECTFULLY SUBMITTED this 24th day of January 2020.

    MICHAEL BAILEY
    United States Attorney
    District of Arizona

    *s/Laurence G. Tinsley, Jr.*
    Laurence G. Tinsley, Jr.
    Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and served a copy, via first-class mail, postage prepaid, of the document to the following recipient who is not a CM/ECF registrant:

Elston LeMans Stephenson
P.O. Box 129
Grand Canyon, AZ 86023
*Plaintiff*

*s/Mary C. Finlon*
U.S. Attorney's Office