**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elston L Stephenson, | No. CV-19-08268-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

Before the Court is the United States of America's ("USA") motion to dismiss, which is fully briefed. (Docs. 13, 22, 26.) For the following reasons, the Court will grant the USA's motion.

On August 13, 2019, Plaintiff, a National Parks Service employee, filed a pro se complaint in Flagstaff Justice Court against his supervisor Brian Drapeaux. (Doc. 1-4.) The complaint asserts what can be properly construed only as Title VII[1] and Federal Tort Claim Act ("FTCA")[2] claims against Mr. Drapeaux, stemming from his alleged stalking of Plaintiff. (*Id.*) On September 18, 2019, Mr. Drapeaux removed the case to this Court. (Doc. 1.) On November 6, 2019, the Court granted the USA's motion to intervene on Mr. Drapeaux's behalf and on January 28, 2020, the USA was substituted for Mr. Drapeaux as

---

[1] Title VII is the exclusive judicial remedy for claims of discrimination or harassment in federal employment. 42 U.S.C. § 2000e-16.

[2] The FTCA is the exclusive remedy for tortious acts and omissions committed by federal employees within the scope of their employment. 28 U.S.C. § 2679(b)(1).

1  the sole defendant in this matter.  (Docs. 11, 23.)  On November 14, 2019, the USA filed
2  its motion to dismiss, arguing, *inter alia*, lack of subject matter jurisdiction due to failure
3  to exhaust administrative remedies.  (Doc. 13.)  The motion is now ripe.

4  To begin, the Court lacks subject matter jurisdiction over Plaintiff's Title VII hostile
5  work environment claim because Plaintiff has not substantially complied with the
6  administrative exhaustion requirements under Title VII.  *Leong v. Potter*, 347 F.3d 1117,
7  1122 (9th Cir. 2003).  A federal employee seeking to file a civil action under Title VII may
8  do so only 180 days after filing a complaint with the Equal Employment Opportunity
9  Commission ("EEOC") or within 90 days of the EEOC's issuance of a final agency
10  decision addressing the employee's complaint.  42 U.S.C. § 2000e-16(c).  When filing his
11  complaint in Flagstaff Justice Court on August 13, 2019, Plaintiff asserted that he had an
12  EEOC complaint currently pending.  (Doc. 1-4 at 8.)  However, the EEOC complaint could
13  not possibly have been pending for 180 days or more because Plaintiff's Flagstaff
14  complaint contends that Mr. Drapeaux's stalking behavior only began on April 23, 2019.
15  (*Id.*)  Assuming that Plaintiff filed his EEOC complaint the very day the alleged stalking
16  commenced, Plaintiff nevertheless filed his civil complaint months before he could have
17  done so in compliance with the Title VII exhaustion requirement.

18  Similarly, the Court lacks subject matter jurisdiction over Plaintiff's FTCA claim
19  due to Plaintiff's failure to comply with the FTCA's administrative exhaustion
20  requirements.  The Court lacks subject matter jurisdiction over an FTCA claim unless the
21  plaintiff first exhausted his administrative remedies by filing a claim with the appropriate
22  agency—in this case the National Parks Service—and (1) the claim was denied or (2) six
23  months have passed since submission of the claim.  28 U.S.C. § 2675(a).  Plaintiff makes
24  no contention that he fulfilled these exhaustion requirements.  Accordingly,
25  //
26  //
27  //
28  //

**IT IS ORDERED** that the USA's motion to dismiss (Doc. 13) is **GRANTED**. The Clerk of Court is directed to terminate all pending motions and close the case.

Dated this 20th day of February, 2020.

Douglas L. Rayes
United States District Judge