Elston L Stephenson (Plaintiff)
Case 3:19-cv-08268-DLR
P.O. Box 129
Grand Canyon, AZ 86023
October 2, 2020

U.S. District Court Clerk's Office
Sandra Day O'Connor U.S. Courthouse, Suite 130
401 W. Washington Street, SPC 1
Phoenix, AZ 85003-2118

Dear Court,

Please receive and consider this NOTICE TO THE COURT OF OBSTRUCTION OF JUSTICE, TAMPERING WITH U.S. MAIL, AND RETALIATION in the case of STEPHENSON V DRAPEAUX. UPDATE

Thank You

Sincerely,

Elston L Stephenson

## NOTICE and MOTION

Your Honor, this is to update the Court on NOTICE of Obstruction of Justice, Tampering with U.S. Mail, and Retaliation for reporting "truthful information relating to the commission or possible commission of a Federal crime[s]". And to respectfully Motion for and Emergency Injunctive Order protecting Plaintiff in accordance with 18USC §1513(b), (e), (f), and (g). And to protect Plaintiff's Constitutional 5th Amendment right against self-incrimination. And to prevent DOI (and DOJ) from 'back door' attempts at Discovery after they terminated/vacated the Rule 16 process.

1

Your Honor on October 1, September 16, 2020—literally hours after Plaintiff mailed to the Court the NOTICE along with Plaintiff's "plea for sanctions for DOI's actions. And protections against retaliation certain to come", Plaintiff was hauled into a 'meeting' where he was issued a "Garrity Notice" ordering him "you have been given until Friday, October 2, 2020 to reach out to the [DOI third-party USPS] investigator and hereby make yourself available for an interview within seven (7) calendar days from this notice. As stated above, failure to follow this directive may result in discipline up to, and including removal from federal service, even pending an objection." (Exhibit X-13)

Plaintiff filed a MOTION FOR INJUNCTION OF PROTECTION AGAINST RETALIATION with the Court on March 8, 2020. Retaliation in this case was foreseeable. It is the M.O. of DOI/NPS/GRCA, and one which has Grand Canyon National Park employees working under a cloud of fear as a work condition. However, as DOI/NPS/GRCA has opened, destroyed, or returned Plaintiff's U.S. Mail—Court documents; Plaintiff has received no receipt and no decision/ruling by the Court on the Motion. (X-14)

Again, Your Honor, Plaintiff promptly notified the Secretary of the Interior, the Office of Special Counsel, DOJ, and the Court when he found of DOI/NPS/GRCA's felony violations—"Federal offenses" of U.S. Mail tampering and Obstruction of Justice—not to mention Contempt of Court.

Disclosure of these "Federal offense[s]" alone meet the elements of 18USC §1513(b),(e),(f) and (g). Plaintiff respectfully Motions that an Emergency Injunction be ordered by the Court to protect plaintiff in accordance with 18USC §1513(e) under the "livelihood of any person" provision clearly triggered by DOI/NPS/IG's explicit threat of "discipline up to, and including removal from federal service" in its memorandum. (Exhibit 13).

This is merely the "Federal offense[s]" of this NOTICE. The Court will recall Plaintiff introducing into evidence to this Court several "Federal offense[s]" with also meet the elements of 18USC §1513.

2

Plaintiff will itemize these in a more detailed Motion.

As mention in the NOTICE, Your Honor, a purpose of IG interrogations is developing incriminating evidence/material—getting the interrogated to 'self-incriminate'. This is a setting where the interrogated is denied an attorney, and where the interrogated must answer all questions. The questions may be of any scope, relevant, or irrelevant as determined by the interrogator.

Again, as stated in the NOTICE, DOI is clearly working with DOJ (U.S. Attorney) in this case. Information from the interrogation will likely 'back door' Discovery its way into this case.

Most importantly, as Defendant's counsel is no ordinary counsel, but the U.S. Attorney and Assistant U.S. Attorneys—prosecutors; Plaintiff has very real jeopardy and very real concerns regarding Constitutional 5th Amendment protection against self-incrimination.

The Court should also know that during the October 1, 2020 meeting. GRCA Deputy Superintendent 3 spang another U.S. Mail that "someone" opened clearly addressed to Plaintiff.

"Emergency Injunction" is respectfully requested as, clearly, DOI/NPS/GRCA has given Plaintiff the end of today, October 2, 2020 to "reach out to DOI IG investigator" and "seven (7) calendar days from this notice" (September 29, 2020) to submit to interrogation.

The combination of all the "Federal crime[s]" reported to the Court, Office of Special Counsel, OSHA, the DOJ (by way of these proceedings and the OSC), and even directly to the Secretary of the Interior meets the applicable elements of 18USC §1513. DOI/NPS/GRCA's conduct documented and introduced as evidence in this case clearly is sufficient cause for the Court to issue an Injunction.

The purpose of DOI/NPS/GRCA's action also meet the applicable element of 18USC §1513 with the intent of Obstructing Justice and harming witness Plaintiff.

Opening and destroying the U.S. Mail and Court documents has already deprived Plaintiff of his rights and damaged Justice. This, on its own, merits an Injunction to ascertain the extent of damage.

Your Honor, there is an overriding public interest to seeing this case through to its conclusions. Plaintiff is clearly in imminent danger posed by DOI/NPS/GRCA's retaliation. Plaintiff prays for the Court's issue of an Emergency Injunction so that Plaintiff and this case are not harmed.

Thank You, Your Honor.

Respectfully Submitted,

*[signature]*

Elston L Stephenson, OHST
Safety Health & Wellness Manager
Tort Claims Officer
Grand Canyon National Park
928-255-8727

# EXHIBIT X-13




United States Department of the Interior

**NATIONAL PARK SERVICE**
GRAND CANYON NATIONAL PARK
20 South Entrance Road
PO Box 129
Grand Canyon, Arizona 86023

September 29, 2020

**Memorandum**

**To:** Elston Stephenson, Safety and Occupational Health Manager

**From:** Louis R. Rowe, Deputy Superintendent, Operations and Resources

**Subject:** Garrity Notice

I wish to advise you that your cooperation has been requested regarding being questioned as part of an official investigation conducted by contract investigator Kat Thompson of the USPS. You are not the subject of this investigation, only a witness.

You will be asked questions specifically directed, and narrowly related, to information addressed in an article about Grand Canyon National Park in *Outside* magazine. In the article, protected privacy information may have been inappropriately provided to outside sources concerning Brian Drapeaux. You are being ordered to cooperate with this investigation and answer all questions fully and truthfully. Refusal to cooperate with this investigation may lead to discipline up to, and including, removal from federal service.

Due to the compelled nature of your statements, neither your statements nor any information or evidence which is gained by reason of such statements can be used against you in any subsequent criminal proceeding. However, your statements may be used against you in relation to subsequent departmental charges, civil proceedings or charges of perjury if such statements are made under oath.

If you have any questions regarding this directive please let me know immediately. If you so choose, you may consult with an attorney regarding this directive; however, please note you have been given until Friday, October 2, 2020 to reach out to the investigator and hereby ordered to make yourself available for an interview within seven (7) calendar days from this notice. As stated above, failure to follow this directive may result in discipline up to, and including, removal from federal service, even pending an objection.

**Acknowledgment of Receipt**

Please sign your name and date below to acknowledge receipt of this memorandum. Your signature does not mean that you agree or disagree with the contents of this memorandum. You will not forfeit any of the employee rights described above by signing below, and your failure to do sign will not void the contents of this memorandum.

_Elston Lucas Stephenson_ (signature)           10-1-2020
Elston Stephenson                                              Date

2

# EXHIBIT X-14

Elston L Stephenson (Plaintiff, Pro se)
Case 3:19-cv-08268-DLR
P.O. Box 129
Grand Canyon, AZ 86023
March 8, 2020

U.S. District Court Clerk's Office
Sandra Day O'Connor U.S. Courthouse, Suite 130
401 W. Washington Street, SPC 1
Phoenix, AZ 85003-2118

Dear Court,

Please receive and consider this correction to MOTION FOR INJUNCTION OF PROTECTION AGAINST RETALIATION to protect Plaintiff against retaliatory action for appearing before this Court in the case of STEPHENSON V DRAPEAUX. This is to supersede MOTION mistakenly dated February 5, 2020.

Thank You


Sincerely,

Elston L Stephenson

## MOTION

Your Honor, respectfully, Plaintiff seeks an Order issued by this Court to the Department of Interior (DOI) and National Park Service (NPS) protecting Plaintiff from retaliation to include pretextual disciplinary action and firing as a result of appearing before this Court.

The Court will appreciate that Exhibits Plaintiff has presented before this Court—particularly Exhibit X-2 map entitled "Surface Gamma Dose Rates" which depicts exposure of visitors on highly trafficked public footpaths and roads leading to the very popular Hermit's Rest venue are especially problematic and represent serious legal and civil jeopardy for the DOI/NPS. The marking "Not to Be Released. FOIA Protected Document" is clear intent to hide the uranium radiation exposures from the public and workers. Retaliating

1

against Plaintiff for bringing this to GRCA, NPS, DOI, and the Courts attention is foreseeable and preventable when considering not only the efforts to conceal and keep concealed the dangers and exposures of Grand Canyon's visitors, and other safety frauds, but also the context and essence of this case before this Court.

Respectfully, Plaintiff seeks an immediate Injunction ordering that no retaliation be taken.

As the fraud fact pattern already demonstrated before the Court (such as the 'disappearing of the firefighter burned in the face by deleting her from the DOI/NPS cyber SMIS reporting system, Exhibit P-1) of deleting—fraudulently 'disappearing' evidence shows; 'disappearing' Plaintiff for appearing before this Court and providing such demonstrative, indisputable evidence is the foreseeable next action.

The Court will recognize in Exhibit Y that upon returning from a recent training (through Miami International and San Diego International airports) Plaintiff noticed increased surgical mask wear and public anxiety because of the spread of the corona virus. At the next Park Senior Executive Team (PSET) meeting on 2-11-2020 Plaintiff recounted his observations and concern for Grand Canyon's workers—particularly those having "hands-on contact with the public", workers' concerns, workers' protection, and urged developing a strategy to address these. Defendant is in-charge of the PSET meetings and minutes kept and published from the meetings. The Court will notice that "Park Senior Executive Team Meeting Notes" (Exhibit Y) published and sent to 'All Employees'—while expansive and near 'total recall' in chronological detail of all presenters; lists "Nothing to report at this time. Just returned from training" for Plaintiff. This is despite an extended (approximately 15 minute) discussion with many different participants contributing concerns to the dialog raised by Plaintiff. Plaintiff's corona virus and safety concerns are the only remarks edited out.

Plaintiff was forced to send out a correction of the 'Notes' in an 'All Employee' email. (Exhibit Y). This correction, just as Plaintiffs warning workers about their uranium exposure, forced increased corona action.

The Court will appreciate that this is a continuation of the same fraudulent fact pattern regarding dangers to safety already exemplified in Exhibits before the Court. Plaintiff raising and reporting legitimate,

2

timely safety dangers, then others fraudulently deleting them to hide them from the public. The 'Map' goes even further. And as previously stated, these and not 'going along' are the Motivation for retaliation taken against Plaintiff by Defendant and others. These deletions, and Defendant's role are ripe for Finder of Fact.

But this is also a 'disappearing' of Plaintiff. A 'disappearing' in retaliation which begs for remedy.

Plaintiff has already been confronted in the workplace regarding filings before this Court. This is prelude. Indications are that further retaliation is on the way as DOI/NPS will vigorously seek and even contrive opportunity to discredit, punish, or fire Plaintiff as evidence (Exhibits) against DOI/NPS is "voluminous" and undeniable. This is why Defendant was caught by a co-worker stalking Plaintiff's home.

Plaintiff respectfully asks that the Court recognize that even as U.S. Attorney *intervened* and brought Plaintiff before this Court; *any* Plaintiff has a Constitutional right to appear before *any* Court without suffering intimidation or retaliation.

Respectfully, Plaintiff asks the Court to issue an Injunction protecting Plaintiff against contrived, pretextual retaliation by the DOI and NPS for appearing and vigorously participating in this case.

Your Honor, respectfully, this protective Injunction is in the interest of Plaintiff's Constitutional right to fair trail/hearing, in the interest of Justice, in the public interest, and in the Court's interest as well.

Thank You, Your Honor.

Respectfully Submitted

*[signature]*

Elston L. Stephenson, OHST
Safety Health & Wellness Manager
Tort Claims Officer
Grand Canyon National Park
928-255-8727

3