```
 __ FILED        __ LODGED
 __ RECEIVED     __ COPY

        FEB 0 6 2023

  CLERK U S DISTRICT COURT
    DISTRICT OF ARIZONA
BY_____ DEPUTY
```

Elston L Stephenson (Plaintiff Pro se)
Case 3:19-cv-08268-DLR
41551 Ventana Drive
Palmdale, CA 93551
February 3, 2023

U.S. District Court Clerk's Office
Sandra Day O'Connor U.S. Courthouse, Suite 130
401 W. Washington Street, SPC 1
Phoenix, AZ 85003-2118

Dear Court,

Please receive and consider this NOTICE OF PERJURY by Defendant in the case of
*STEPHENSON V DRAPEAUX*, EQUITIES, and upcoming MOTION for SANCTIONS.

Thank You


Sincerely,

Elston L Stephenson


# NOTICE AND MOTION

Your Honor, dispositive, direct evidence is that Defendant knowingly and willfully committed
multiple counts of material Perjury, Obstruction of Justice, and False Statements before this
Court and the DOJ in this case—full stop.

Defendant defrauded Your Honor and this Court. The Court may find the details offensive.

Dispositive evidence is that Defendant's crimes were part of a broader scheme of Obstruction of
Justice with other senior-most DOI/NPS/Grand Canyon National Park (GRCA) officials—a
Conspiracy which includes U.S. Mail crimes and/or Wire Fraud. Among these; senior-most
DOI/NPS/GRCA officials illegally intercepted, opened, read, returned, and/or destroyed the
Court's official documents mailed to Plaintiff in order to obstruct and prevent Plaintiff's
participation in this case. Then made knowingly false official declarations to the U.S. Postal
Service in furtherance of and to cover these crimes. Among aggravating factors: offenders may
be members of the Bar, Rule 404 recidivisms, and ultimately a possible fatality causality.

As the Court knows, these are serious federal felonies—crimes that undermine Our entire
judicial system and sets a standard for all future parties before this and any other Court.

The Court will find that each of these crimes—which includes misprisions are well within their
respective statutes of limitation. And that the compounding of Defendants initial Perjury by

1

additional Perjuries proves '*willfulness*' and '*knowingly*'. And that materiality goes not only to the instant proceedings before the Court, but to the underlying crimes they were meant to conceal.

Your Honor, Plaintiff respectfully asks the Court to order the DOJ to fully prosecute Defendant per DOJ's own *Justice Manual CRM 1741 and 909*, and the United States Code. And to investigate and prosecute the underlying crimes that the Perjury and Obstruction was intended to further and/or conceal.

Your Honor, Plaintiff respectfully asks the Court to order DOJ to investigate and fully prosecute others as evidence leads per DOJ's own *Justice Manual CRM* and the United States Code. And to investigate the underlying crimes that the Perjury and Obstruction was intended to further or conceal.

The Court will have indisputable evidence that Plaintiff vociferously provided 'Safe Sanctuary' warning to DOJ USA/AUSA and DOI counsel which they willfully ignored.

As the Court knows prosecution for 18USC crimes (particularly federal felonies) is separate and distinct from Article XXX sanctions to be visited later. Prosecution is a duty and legal obligation which holds violators and a deterrence from future criminal activity being dragged into Court. It is also an opportunity for DOJ to begin the path towards slowly regaining its credibility after ignoring timely Safe Sanctuary warnings by Plaintiff which could have prevented these crimes.

Where crimes are committed by members of any Bar, Plaintiff respectfully ask that the Court file official complaints and recommendations for Disbarment to all Bars to which the violator(s) belong for criminal conduct and moral turpitude.

In Plaintiff's very first filing with the Court he used the term "Culture of Fraud". It sticks.

Respectfully, the Court will find recidivism—patterns confirming that Defendant and others were confident that they would not get caught—that no one would check...even this Court. That is because, until now, no one has, Your Honor.


## BACKGROUND


On July 22, 2019 GRCA worker—a sanitation truck driver making his rounds, spotted Defendant circling, then suspiciously and clearly park on the oddly parked on the street and scoping out Plaintiff's home in the forest of Grand Canyon National Park. This was so unprecedented and so out of place that the Worker pretended to continue his route and drove to another, nearby location so as not to be detected by Defendant, while continuing to observe him through trees of the forest.

Worker was so alarmed that once Defendant drove off, Worker rushed to Plaintiff's home and violently banged on the door to alert Plaintiff as to what he had just seen. Unknown to the worker, Plaintiff was in Los Angeles for several days.

Upon Plaintiff's return, Worker was still so alarmed that at approximately 6:00am on July 25, 2019 he paced the hall outside Plaintiff's office—waiting for Plaintiff who was in a closed-door safety complaint session with another GRCA employee.

After approximately 20 minutes the meeting was over and Worker rushed in to tell Plaintiff of Defendant's scoping out his house.

Plaintiff immediately emailed to the NPS Regional Director and GRCA Superintendent. The Superintendent instantly initiated the formal DOI 16E Harassment process.

Plaintiff was alarmed and aware that he was lucky in that at the instant that Defendant was caught scoping out his house and peering into his windows, the trash truck driver happened to be at that point at that instant on his route. Plaintiff often had guests over. He did not know how long or how often this happened, if his guests where in the home, at day or night, whether he spied on occupants in stages of undress, or any other private moments. Plaintiff immediately filed for a Restraining Order—Injunction Against Harassment with the Coconino Courthouse.

A August 21, 2019 hearing for Case P019-0269 was scheduled for Coconino Flagstaff Justice Court was assigned. Defendant failed to appear. The Judge appeared perturbed and asked Plaintiff for Defendant's telephone number which the Judge immediately and directly called while literally sitting on the bench in the hearing. Defendant answered on 'loudspeaker'. When the Judge asked why he failed to appear, Defendant said that he did not receive the summons mailed to his street address, stating correctly that U.S. Mail is not delivered directly to houses on Grand Canyon National Park. The Judge asked for an address that Defendant could receive the court documents. Defendant gave "P.O. Box 129, Grand Canyon Arizona 86023". The Judge set a date for September 19, 2019. The case was sent to federal U.S. District Court, Arizona (Phoenix). When the call ended Plaintiff, who had also entered his home address on complaint forms, asked the Flagstaff Justice Court to list P.O. Box 129, Grand Canyon Arizona 86023" as his address to receive court documents as well.

Once in U.S. District Court, DOJ United States Attorney/Assistant District Attorneys (DOJ USA/AUSA) represented Defendant in this case.

Plaintiff had an open EEO complaint against Defendant (Department of the Interior (DOI)).

DOJ USA/AUSA teamed with the DOI EEO Attorney to pressure Plaintiff to drop this instant case and the EEO case progressing on its way to the EEOC by suggesting a 'global solution'. By this time Defendant (DOI/NPS/GRCA) had not only already breached a Settlement Agreement, but Defendant had been 'called out' by the DOI Office of Civil Rights (DOI-OCR) as he falsified official documents forward to DOI-OCR in Response in order to win against Plaintiff's breach complaint. DOI-OCR pointedly found Defendant's fraud, false statement, and submission of falsified documents "not credible" and handed down a 'Breach' determination again DOI (Defendant). Plaintiff vociferously refused several overtures by DOJ USA/AUSA + DOI's

'global solution because Plaintiff knew Defendant to be a prodigious liar, the Settlement Breach, and clear evidence of Defendant's attempts to falsify documents to DOI-OCR. Which Plaintiff explained to DOJ AUSA and DOI counsel.

Defendant (DOJ AUSA) filed a Motion to Dismiss with the Court on November 14, 2019. Plaintiff noticed at least two provable Perjury statements in the Motion submitted by DOJ AUSA.

Plaintiff officially notified DOJ AUSA and DOI counsel of Defendant's provable Perjury statements in via email during their "global solution" communications attempts to stop Plaintiff drop this case and combine the stalking allegations with the EEOC outside this Court. Neither DOJ AUSA nor DOI counsel responded to Plaintiff's Notification of Perjury.

As the Court knows, ultimately Plaintiff doggedly fended off attempts to quash this Case. Plaintiff filed a Response to Defendant's Motion to Dismiss. This Court ruled in favor of Plaintiff and Denied Defendant (DOJ AUSA's) Motion to Dismiss.

## FACTS

1. On November 14, 2019 the DOJ U.S. Attorney and Assistant U.S. Attorney filed to the Court CV-19-08268-PCT-DLR INTERVENOR UNITED STATES' MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) and 12(b)(6) as attorneys for Defendant. Evidence is that Motion contained 4 statements by Defendant which were knowingly false. And which constitute Perjury, Obstruction of Justice, and False Statements:

    a. In DOJ USA/AUSA's motion to dismiss line states Defendant drove "onto Plaintiff's street in a neighborhood…to check on whether or not Plaintiff was misusing a government owned vehicle. (page 2, line 21)

    b. [Defendant] personally saw the GOV at a coffee shop parking lot an hour away from the Grand Canyon and contacted Plaintiff inside the shop. (page 3, line 10)

    c. Plaintiff had misused the vehicle and received discipline for the misuse. (page 5, line 2)

2. The Court will find statement 1.b (above) to be categorically, knowingly false. There is no "coffee shop parking lot an hour away from the Grand Canyon" because there is no "coffee shop an hour away from the Grand Canyon". Plaintiff drove 1 hour on Hwy 180 (the route he always used to drive to the GRCA Flagstaff office. The drive literally stopped at the tiny, picturesque Holy Dove Chapel just past Mile Marker 236. And which could never be mistaken for a coffee shop. There is Coconino and Kaibab National Forests for nearly 10 miles in either direction. This is easy to disprove by ordering Defendant to name the "coffee shop" and its location, and the date. And to compare geo-data from both Defendant's and Plaintiff's phone.

3. The Court will find statement 1.c (above) to be categorically, knowingly false. Plaintiff has never "received any disciplinary action for the misuse [of his GOV]. This is easy to disprove by ordering Defendant to produce records of that discipline.

4. The Court will find that Plaintiff immediately emailed to the GRCA Superintendent alerting him of Defendant stalking his home immediately on July 25, 2019.

The Court will find that Plaintiff received EEOC case discovery email between Defendant and his Supervisor GRCA Superintendent dated July 26, 2019. This email was likely in response to Plaintiff's reporting of Defendant stalking his home. It is near-contemporaneous.

The Court will find that in the 'heat of the moment' as Defendant is conjuring his alibi, he does not state any concern for the vehicle which is the only matter addressed in the motion. The central concern is preventing Plaintiff from working.

The Court will find that Plaintiff engaged in what professional investigators, interviewers, and investigators know as "the Pinocchio Effect" when detecting lies. Plaintiff sought and attempted to embellish his initial lies with additional lies in order to make the first seem more credible and believable. These additional lies were clear and unequivocal Perjury.

5. The evidence is that on April 20, 2022 Plaintiff 'Googled' himself and found this case. When he 'clicked' on it; there were several entries which stated that on October 26, 2020 and November 2, 2020 the Court's documents were listed as "Mail Returned as Undeliverable. Mail sent to [Plaintiff]. Reason for return: Refused."

6. Evidence is that Plaintiff was employed with Grand Canyon National Park and had an office approximately 10-15 feet from the mailroom in Park Headquarters. And that each office has a 'mail basket' just outside its doors in the hall.

7. Evidence is that on July 30, 2021 Plaintiff received mail from The White House. It was opened. Presumably some not the addressee (Plaintiff) read it and put it in the 'mail basket' just outside Plaintiff's office door.

8. Evidence is that on January 11, 2021 Plaintiff received mail from President Biden on January 11, 2021. It was opened. Presumably some not the addressee (Plaintiff) read it and put it in the 'mail basket' just outside Plaintiff's office door.

9. The evidence that officials opened Plaintiff's U.S. Mail addressed to Plaintiff. In the case of White House and President Biden's email, the were not only U.S. Mail, but official responses to racism allegations to the Chief Executive in Plaintiff's 'chain of command'—'Privileged Communications.

10. Evidence is that some officials made an active decision to deny and obstruct from Plaintiff the Court's U.S. Mail official correspondence, yet open, read, and forward the President's and The White House's U.S. Mail official correspondence.

11. Evidence is that on approximately October 30, 2020 the GRCA Deputy Superintendent for Operations—Plaintiff's direct supervisor handed Plaintiff an oversized sealed (an initialed) blue

envelope and told Plaintiff "It looks like court documents. I didn't read it. Other people read it. It looks like Court documents." Plaintiff has never broken the seal. Which is to say that whoever opened and read Plaintiff's Court documents; their fingerprints are secure on the documents.

After Plaintiff received the Court's order denying DOJ USA/AUSA's Motion to Dismiss, Plaintiff never heard from the Court again despite filing several Motions. If the Court forwarded any other correspondence beyond the 2 which were returned and the Court's order denying MTD, it is likely that they, too, were opened, destroyed, trashed, etc. But that Plaintiff never received them. This is clear and literal Obstruction of Justice.

The Court will recognize from the evidence above that Defendant and senior-most DOI/NPS/GRCA officials have engaged in a campaign—conspiracy to obstruction.

It is unknown if the Court's 'returned' correspondence was opened or not. Those should be with the Clerk of the Court.

These represent multiple U.S. Mail crimes—which is to say nothing of the knowingly false declarations to the U.S. Postal Service that the Court's correspondence was "Undeliverable". The delivery of President Biden's and the White House's mail indicts.

# Other Equities

Plaintiff brings before the Court Other Equities which are tangent to matters already before this Court:

1. The EEOC Administrative Judge violated 28CFR 76.15 and ABA 2.9 of the ABA Model Code of Judicial Conduct on February 2, 2022 in EEOC Case #540-2019-0388X, *Elston L Stephenson v U.S. Deb Haaland, Secretary of the Department of the Interior, National Park Service.*
2. The EEOC Administrative Judge violated the OSC Settlement Agreement
3. The EEOC Administrative Judge violated Plaintiff's due process rights.
4. The EEOC Administrative Judge violated Title VII of the Civil Rights Act of 1964 in the in EEOC Case #540-2019-0388X, *Elston L Stephenson v U.S. Deb Haaland, Secretary of the Department of the Interior, National Park Service.*
5. DOJ/NPS/GRCA counsel acted improperly by interacting with the EEOC Administrative Judge *ex parte* in a race to have  in EEOC Case #540-2019-0388X, *Elston L Stephenson v U.S. Deb Haaland, Secretary of the Department of the Interior, National Park Service* dismissed.

The Court will find that DOI/NPS/GRCA retaliated against Plaintiff for filing OSHA complaints to protect his workers from deadly dangers/hazards. Workers reported these to Plaintiff. Plaintiff reported these the workers' supervisors and Division Chiefs. They took no corrective action. Plaintiff then reported these to the GRCA Superintendents. The took no corrective action.

Evidence is that the GRCA Superintendents suspended Plaintiff for 2 weeks under pretext that he did not execute administrative tasks. As the Court knows, this was a violation of the OSHA OSH

Act 11c clause against retaliation. The evidence is that Plaintiff filed an '11c Complaint' with OSHA and the Office of Special Counsel (OSC). The OSC investigated and found the GRCA Superintendent and Deputy Superintendent guilty of 11c violation and entered into Settlement negotiations as counsel for Plaintiff.

DOI/NPS/GRCA saw this as a 'second bite' of the 'EEOC apple'. They were excited.

The EEOC case was by now at the Summary Judgment phase for several months and awaiting imminent judgment.

An examination of the evidence before the EEOC was that the facts against DOI/NPS/GRCA were horrendous. And that Plaintiff (Complainant) had more than exceeded the 'preponderance' standard and would prevail.

Evidence is that DOI/NPS/GRCA counsel barely showed up—failing to file a Response or Reply in the case. And that the Administrative Judge made several harmful errors.

The evidence is that, for obvious reasons, Plaintiff again fought vociferously to not have the EEOC case 'bound' with the OSC OSH Act 11c violation. Despite this OSC bound the EEOC case awaiting imminent—likely prevailing fact for Plaintiff, into a Settlement Agreement.

The Court will find (on OSC letterhead) clause 1 stipulates that:

Both 28CFR 76.15 and ABA 2.9 are clear.

The evidence--Judge Griffiths' email exchanges with to DOI counsel, "I notice that one of the terms of the settlement agreement is that Complainant resigned his position with DOI effective January 28, 2021" dispositively admits that she read the settlement agreement...The OSC Settlement Agreement which clearly stated that:

**"Terms of Conditions**

**1. Effective Date**. This Settlement Agreement shall become effective on the eighth calendar day after Appellant initials, signs, and dates this Settlement Agreement. This date shall be hereinafter referred to as the "effective date."

**3. Mr. Stephenson Self-Executing Dismissal with Prejudice**. On the effective date of this Settlement Agreement, Mr. Stephenson voluntarily and automatically cancels and dismisses with prejudice the above-captioned EEOC case, identified as *Elston Stephenson v. U.S. Dep't of the Interior*, EEOC No. 540-2019-00388X, Agency No. NPS-18-0460. *Elston Stephenson v. U.S. Department of the Interior*, DOI-NPS-21-0287, and OSC case no. MA-21-00217. This Settlement Agreement, upon its effective date, shall constitute Mr. Stephenson's written, knowing, voluntary, and automatic cancellation and dismissal with prejudice of the above-captioned EEOC and OSC Complaint." (attached)

The evidence is clear that the day that "Appellant initials, signs, and dates this Settlement Agreement" was January 27, 2022.

The evidence is clear that "the eighth calendar day after Appellant initials, signs, and dates this Settlement Agreement—"Effective Date" is February 4, 2022.

The evidence is clear that Judge Griffiths first 'met' with DOI counsel *ex parte* beginning January 31, 2022.

The evidence is clear that Judge Griffiths dismissed EEOC #540-2019-00388X on February 2, 2022.

The Court will find that the evidence is that in addition to desperately *ex parte* seeking the EEOC Administrative Judge before she handed down a near-certain losing Summary Motion judgment again DOI/NPS/GRCA; DOI/NPS/GRCA violated the Agreement Clause 3 by rushing to the EEOC Judge nearly a week before the "Effective Date" of the Settlement Agreement, thereby violating Clause 3.

The Court will recognize that Clause 24 of the OSC Settlement Agreement clearly states:

"24. Remedy/Remedies for Breach. Mr Stephenson and the DOI/NPS agree and acknowledge that either party's failure to meet and satisfy the obligations which arise from and under this Settlement Agreement shall constitute a breach of this Settlement Agreement, giving the non-breaching party the right to an appropriate remedy permitted by law."

Respectfully, Your Honor, GRCA, the EEOC, and Plaintiff at the time of the aforementioned legal actions and violations occurred in the U.S District, Arizona.

Respectfully, Your Honor, Plaintiff respectfully seeks to have this matter adjudicated by this Court.

Your Honor, Plaintiff recognizes that these are serious matters. And that they represent national, public interests, policy which are compelling. This is to say nothing of the grave matter of Perjury, Obstruction of Justice.

If it pleases the Court, Plaintiff respectfully will enter a Motion for Sanctions separately.

Thank You, You Honor.

Respectfully Submitted,

Elston L Stephenson, OHST
808-590-3626