1   MICHAEL BAILEY
    United States Attorney
2   District of Arizona
    LAURENCE G. TINSLEY, JR.
3   Assistant U.S. Attorney
    Arizona State Bar No. 012581
4   Two Renaissance Square
    40 North Central Ave., Suite 1800
5   Phoenix, Arizona 85004-4408
    Telephone: 602-514-7500
6   Facsimile: 602-514-7760
    Email: Laurence.Tinsley@usdoj.gov
7
    *Attorneys for United States of America*
8

9         **IN THE UNITED STATES DISTRICT COURT**
           **FOR THE DISTRICT OF ARIZONA**
10

11

12   Elston Stephenson,                 **CV-19-08268-PCT-DLR**

13          Plaintiff,         **INTERVENOR UNITED STATES'**
                              **MOTION TO DISMISS**
14         vs.             **PURSUANT TO RULES 12(b)(1) and**
15                                 **12(b)(6)**
  Brian Drapeaux,
16

17          Defendant.

18

19       The United States moves to dismiss Plaintiff's complaint.[1] Plaintiff has filed a claim

20   for injunction against harassment, in which he appears to allege Title VII claims of a hostile

21   work environment arising from "stalking" by Drapeaux, his supervisor, and/or tortious

22   conduct by Drapeaux under the Federal Tort Claims Act (FTCA). Plaintiff's own

23   pleadings admit that his work dispute allegations are related to claims he has pending

24   before the Equal Employment Opportunity Commission (EEOC).

25

26

27   [1] Counsel for the United States has requested authority to continue to represent Defendant
28   Drapeaux but has not yet received it; however, the arguments asserted in the United States'
    motion apply equally to Drapeaux's interests and positions.

1       The Court should dismiss for lack of subject matter jurisdiction and failure to state

2 a claim because the Federal statutes prohibiting discrimination in Federal employment

3 provide the exclusive remedy for claims of discrimination brought by Federal employees.

4 Under the Title VII statutes, Federal employees are required to either exhaust their

5 administrative remedies or provide timely notice to the EEOC prior to filing suit. Here,

6 Plaintiff has not alleged either that he properly exhausted his claims or provided notice to

7 the EEOC of his employment discrimination claims.

8       Further, to the extent Plaintiff's allegations can be construed as a tort claim, the

9 Court should dismiss for lack of subject matter jurisdiction. The FTCA, 28 U.S.C. §

10 1346(b), provides a cause of action against the Federal government for persons injured by

11 the tortious activity of a Federal employee acting within the scope of his office or

12 employment. Plaintiff has not satisfied the jurisdictional prerequisite to a civil lawsuit

13 under the FTCA since he never submitted an administrative tort claim with the National

14 Park Service.

15      **I.**    **Introduction.**

16       Plaintiff filed a Petition for an Injunction against Harassment in a Flagstaff Justice

17 Court against his supervisor, Brian Drapeaux, Deputy Superintendent, Business

18 Operations. *See* Drapeaux Declaration, attached as Exhibit C, at ¶ 1. Plaintiff alleges that

19 his Supervisor "stalked him." Plaintiff brought this action after he learned that Drapeaux

20 had allegedly driven onto Plaintiff's street in a neighborhood in a Grand Canyon National

21 Park village to check on whether or not Plaintiff was misusing a government owned vehicle

22 (GOV). Plaintiff alleges that he has an EEOC claim, alleging "Plaintiff has open formal

23 EEOC complaint against Defendant which is likely to find [sic] in Plaintiff's favor." Dkt.

24 1, at 8.[2]

25      [2] In connection with these claims, Plaintiff filed an internal complaint with the U.S.

26 Department of Interior, pursuant to Personnel Bulletin 18-01 (Exhibit A). Internal

complaints pursuant to the Bulletin in Exhibit A can be filed when an employee claims to

27 be subjected to harassment based on certain protected classification. These often precede

28 EEOC complaints. The Department found no merit to his Personnel Bulletin complaint.

1       Defendant Drapeaux investigated Plaintiff because he had been directed by his own

2    Supervisor to confirm that Plaintiff was not using the GOV during the time Plaintiff had

3    been suspended and off duty. Exhibit C, at ¶ 2. Plaintiff had a history of often using the

4    GOV without checking it out under proper protocols, and taking unapproved leaves of

5    absences, setting his own work hours and schedule outside his mandated work hours

6    without pre-authorization, and often using the GOV during these time frames. *Id.* Plaintiff

7    would frequently take the GOV off Park land without permission, to run errands to cities

8    miles away. *Id.*

9       Drapeaux also learned that Plaintiff treated the GOV as if it were his own personal

10   car, in violation of NPS policy. *Id.* at ¶ 3. He personally saw the GOV at a coffee shop

11   parking lot an hour away from the Grand Canyon and contacted Plaintiff inside the shop.

12   *Id.* Plaintiff claimed to be working, though his duties had ended that day. *Id.* Drapeaux

13   determined there was no valid business reason for the GOV to be there. *Id.*

14      The NPS determined that Plaintiff was not accountable for his time and would take

15   unapproved leave and drive the GOV to various destinations both inside and outside the

16   Park without alerting anyone of the trips he was taking or their purposes. *Id.* at ¶ 4. For

17   instance, Plaintiff often used the GOV when he had no legitimate business reasons,

18   including taking it home overnight and driving to destinations outside the Park when he

19   was not on authorized travel. *Id.*

20      Investigation of his failure to follow NPS leave procedures and being absent without

21   leave (AWOL) led to the Park issuing Plaintiff discipline in the form of a three day

22   suspension. *See* Exhibit B, Approval of Proposed Suspension, dated July 10, 2019.

23      Drapeaux thus exercised legitimate managerial oversight over Plaintiff when

24   Drapeaux checked the whereabouts of the GOV, both during and after the discipline that

25   Plaintiff received. Plaintiff now characterizes that oversight as "stalking."

26      Plaintiff also alleged in his Petition that NPS management interfered with First Aid

27   classes he taught, when his supervisor limited his use of equipment for the classes and

28

- 3

1  when managers attended the classes as part of routine oversight of its employees' work
2  related activities, such as Plaintiff's.

3  **II.    Standard of review.**

4         A motion to dismiss under 12(b)(1), F.R.C.P., tests the subject matter jurisdiction
5  of the Court. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 (9th Cir.2003).
6  A Rule 12(b)(1) motion can either attack the sufficiency of the pleadings to establish
7  federal jurisdiction, or challenge the substance of the jurisdictional allegations despite the
8  formal sufficiency of the complaint. *Thornhill Publ'g Co., Inc. v. Gen'l Tel. & Elecs.*
9  *Corp.*, 594 F.2d 730, 733 (9th Cir.1979). "A court lacks subject matter jurisdiction over a
10  claim against the United States if it has not consented to be sued on that claim." *Consejo*
11  *de Desarrollo Economico de Mexicali, A.C. v. U.S.*, 482 F.3d 1157, 1173 (9th Cir.2007).
12  "Federal courts are courts of limited jurisdiction...It is to be presumed that a cause lies
13  outside this limited jurisdiction and the burden of establishing the contrary rests upon the
14  party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375,
15  377 (1994) (citations omitted).

16         Further, under Rule 12(b)(6), a district court must dismiss the complaint if it fails to
17  state a claim upon which relief can be granted. A court should grant dismissal pursuant to
18  Rule 12(b)(6) where there is either a "lack of cognizable legal theory" or "the absence of
19  sufficient facts under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901
20  F.2d 696, 699 (9th Cir.1990). That standard "requires more than labels and conclusions,
21  and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*
22  *v. Twombly,* 550 U.S. 544, 555 (2007). Further, Rule 8 "requires a 'showing,' rather than
23  a blanket assertion, of entitlement to relief. Without some factual allegation in the
24  complaint, it is hard to see how a claimant could satisfy the requirement of providing not
25  only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."
26  *Id.* at 556, n. 3. Further, a complaint does not suffice if it tenders "naked assertion[s]"
27  devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009),
28  *quoting Twombly*, 550 U.S. at 557.

1
2
3

### III.    Plaintiff's claim of work-related harassment should be dismissed.

4
Plaintiff appears to seek relief for a claim of hostile work environment. He alleges
5
that he has suffered workplace harassment by Defendant Drapeaux by alleging that
6
Drapeaux came into his neighborhood and was stalking him.  Plaintiff alleges this
7
harassment is related to his pending EEOC claims. Dkt 1 at 8. However, to establish a
8
*prima facie* claim of hostile work environment, a plaintiff must show that (1) he was
9
subjected to verbal or physical conduct of a racial, national origin, sexual, disability, or
10
age-based nature; (2) the conduct was unwelcome; and (3) the conduct was sufficiently
11
severe or pervasive to alter the conditions of employment and create an abusive work
12
environment. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir.2004);
13
*see also Fuller v. City of Oakland*, 47 F.3d 1522, 1527 (9th Cir.1995). A hostile work
14
environment exists only "[w]hen the workplace is permeated with discriminatory
15
intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the
16
conditions of the victim's employment and create an abusive working environment."
17
*Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (quotations and citations omitted). The
18
courts consistently apply this demanding hostile work environment standard "to ensure that
19
Title VII does not become a general civility code," and to "filter out complaints attacking
20
the ordinary tribulations of the workplace." *Forager v. City of Boca Raton*, 524 U.S. 775,
21
788 (1998). *See also* https://www.eeoc.gov/eeoc/index.cfm (EEOC only enforces federal
22
laws that make it illegal to discriminate against an employee because of the person's race,
23
color, religion, sex, national origin, age, disability, genetic information, prior participation
24
in an employment discrimination investigation or lawsuit, or prior complaint of
25
discrimination).

26
Plaintiff's complaints about what occurred at work after he was disciplined and
27
suspended do not rise to the level of a hostile work environment as a matter of law.
28

1    Plaintiff's claims merely involve Drapeaux's legitimate oversight in checking on Plaintiff's
2    use of the GOV. Plaintiff had misused the vehicle and received discipline for the misuse,
3    and Drapeaux was following up to ensure that Plaintiff was not violating the terms of his
4    discipline.

5         Though he attempts to relate this to his EEOC claims, Plaintiff's harassment claims
6    appear to have no legitimate relationship to discrimination. His request for a restraining
7    order does not allege that any of defendant's actions were based on any protected trait. His
8    vague allegations are thus insufficient to state an actionable hostile work environment
9    claim. *Kortan v. California Youth Authority*, 217 F.3d 1104, 1107, 1111 (9th Cir.2000);
10   *Vasquez*, 349 F.3d at 642 (finding no race-based hostile work environment where plaintiff
11   alleged supervisory coworker told plaintiff two racial comments, yelled at plaintiff, made
12   negative remarks about him to others, and made false complaints about plaintiff); *Capristo*
13   *v. Brennan*, No. C-15-1071 EMC, 2015 WL 4396268, at *5 (N.D. Cal. July 17, 2015)
14   (dismissing a hostile work environment claim in which the alleged misconduct was one
15   incident of yelling by a supervisor and plaintiff made no allegations that the verbal
16   harassment was based on plaintiff's race or national origin).

17        Rather, Plaintiff improperly seeks injunctive relief for allegedly irritating or
18   harassing acts such as Drapeaux coming near his home while he was suspended. Even if
19   Plaintiff could properly allege a Title VII violation involving a hostile work environment
20   tantamount to discrimination, no applicable waiver of sovereign immunity permits him to
21   obtain a restraining order against his supervisor for alleged employment discrimination
22   through state court civil procedural rules as Plaintiff has attempted with his filing for
23   injunctive relief. *See Lau v. Wong*, 2013 WL 2181655 at *1, *6 (plaintiff's FTCA and
24   Title VII claims were barred, dismissing the plaintiff's request for a restraining order
25   against her supervisor based on allegations that supervisor ordered her into his office for
26   unclear reasons, berated her, acted in a belligerent and abusive manner, followed her
27   around the office, and threw a "reprimand letter" in the direction of her "vaginal area").

28

- 6

1   Plaintiff's claims are thus precluded by Title VII, and should be dismissed for lack of
2   subject matter jurisdiction.

3           Title VII is the exclusive judicial remedy for claims of race, national origin, religion,
4   or sex discrimination in federal employment and expressly limits a plaintiff's remedies to
5   those enumerated in the statute. *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 825 (1976);
6   42 U.S.C. § 2000e-16, 42 U.S.C. § 2000e-5(f)-(k); *Boyd v. USPS*, 752 F.2d 410, 413-14
7   (9th Cir.1985); 42 U.S.C. § 2000e-16, 42 U.S.C. § 2000e-5(f)-(k). Where a federal
8   employee asserts a claim under Title VII, that statute is exclusive of any other remedy
9   against both the federal government and the individual Federal employee alleged to have
10  participated in the discrimination. *White v. Gen. Servs. Admin.*, 652 F.2d 913, 916-17 (9th
11  Cir.1981). Accordingly, Plaintiff's action should be dismissed.

12      A.      *Plaintiff's employment discrimination claim is also subject to dismissal for*
13              *failure to exhaust administrative remedies.*

14          Even if Plaintiff's allegations were legally viable as a Title VII claim, his
15  harassment action must be dismissed because Title VII requires that the federal employee
16  either exhaust her administrative remedies, or provide notice to the EEOC, as a statutory
17  precondition to filing suit. Where a plaintiff has not substantially complied with
18  administrative exhaustion requirements, the federal district court does not have subject
19  matter jurisdiction to hear a Title VII claim. *Leong v. Potter*, 347 F.3d 1117, 1122 (9th
20  Cir.2003); *see also Brown, supra*, 425 U.S. at 832-33 (Title VII); *Lyons v. England*, 307
21  F.3d 1092, 1103 (9th Cir.2002). In this matter, Plaintiff both alleged that he has a
22  contemporaneous and related EEOC claim against Drapeaux, and also brought a potential
23  precursor action to this claim. *See* n.1, *supra*.

24          A federal employee seeking to pursue an individual complaint of discrimination
25  under Title VII must initiate contact with an EEO counselor within 45 days of the allegedly
26  discriminatory matter. 29 C.F.R. § 1614.105(a). If the matter is not resolved through
27  counseling, the EEO counselor must inform the complainant of the right to file a formal
28  complaint. 29 C.F.R. §§ 1614.105(b)(1), (c), (d), 1614.106(b). Once a formal EEO

1   complaint has been filed, the Agency has 180 days from the filing date to investigate the

2   issues raised in the complaint. Only after 180 days have lapsed or the Agency has issued

3   a final agency decision, whichever is earlier, may the employee pursue a claim in federal

4   district court. 42 U.S.C. § 2000e-16(c); 29 C.F.R. §§ 1614.107(b). Given that he has failed

5   to follow this enumerated process, Plaintiff thus cannot obtain a restraining order against

6   his supervisor for alleged employment discrimination through state civil procedural rules.[3]

7       Since Plaintiff has failed to exhaust these administrative remedies, the Court has no

8   subject matter jurisdiction.

9   **IV.   Plaintiff's tort claim should be dismissed for lack of subject matter
10          jurisdiction.**

11      To the extent Plaintiff's request for a restraining order arises from alleged tortious

12  conduct, Drapeaux enjoys absolute immunity from suit for common law torts committed

13  within the scope of his Federal employment and should be dismissed. "Absent a waiver,

14  sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v.*

15  *Meyer*, 510 U.S. 471, 475 (1994). A waiver of sovereign immunity must be "unequivocally

16  expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Under the FTCA,

17  the United States has waived its immunity from suit for certain torts and in expressly

18  prescribed circumstances. 28 U.S.C. §§ 1346(b), 2671-2680. The FTCA provides a cause

19  of action against the federal government for "persons injured by the tortious activity of an

20  employee of the United States where the employee was 'acting within the scope of his

21  _____

22  [3] Finally, under Title VII, the only proper defendant to any claims brought by a Federal
    employee is the head of the agency or department. 42 U.S.C. § 2000e-16(c). *See e.g.*
23  *Johnston v. Home*, 875 F.2d 1415, 1419-20 (9th Cir.1989); *White, supra*, 652 F.2d at 916,
    n.4 (Title VII); The Ninth Circuit has "consistently held that Title VII does not provide a
24  cause of action for damages against supervisors or fellow employees." *Holly D. v.*
    *California Institute of Technology*, 339 F.3d 1158, 1179 (9th Cir.2003); *Hodge v. Dalton,*
25  107 F.3d 705, 707 (9th Cir.1997) ("The doctrine of sovereign immunity applies to federal
    agencies and federal officials acting within their official capacities."). Thus the only proper
26  defendant in the Title VII claim would be the Secretary of the Interior, David Bernhardt.
27  Defendant Drapeaux should be dismissed.

28

1  office or employment…'" *Wilson v. Drake*, 87 F.3d 1073, 1076 (9th Cir. 1996) (quoting

2  28 U.S.C.§ 1346(b)).

3          The FTCA provides a limited waiver of sovereign immunity. 28 U.S.C § 2675(a).

4  A district court has no subject matter jurisdiction over an FTCA claim unless the plaintiff

5  has first presented a claim to the appropriate agency, and either (1) the claim was "finally

6  denied" in writing, or (2) six months have passed since the claim was submitted. 28 U.S.C.

7  § 2675(a). The claim requirement is jurisdictional in nature and cannot be waived. *McNeil*

8  *v. U.S.*, 508 U.S. 106, 11-12 (1993); *Burns v. U.S.*, 764 F.2d 722, 723 (9th Cir.1985). The

9  plaintiff in an action seeking relief under the FTCA has the burden of pleading and proving

10  that she complied with the FTCA's administrative claim presentment requirement. *See*

11  *Bruce v. U.S.*, 621 F.2d 914, 918 (8th Cir.1980). Because plaintiff cannot show that he

12  exhausted administrative remedies for his potential tort claim, the Court lacks subject

13  matter jurisdiction.

14          Further, the Federal Employees Liability Reform and Tort Compensation Act of

15  1988 provides that the FTCA is the exclusive remedy for tortious acts and omissions

16  committed by Federal employees acting within the scope of their employment, and

17  precludes other civil actions that arise out of such acts or omissions. *See* 28 U.S.C. §

18  2679(b)(1).

19                              **Conclusion**

20          As discussed above, no applicable waiver of sovereign immunity permits a

21  restraining order against Plaintiff's supervisor. As the court stated in *Andrejko. v. Sanders*,

22  638 F.Supp. 449, 452 (M.D.1986):

23          Clearly there is a federal interest here. One can easily imagine the disruption that
           might occur in federal work places if federal employees were allowed to lodge and
24          maintain state tort claims against any superior with whom they had an axe to grind.
           The resultant wave of litigation might well impair the ability of the various federal
25          agencies to function efficiently.
26

27  *See also Lau*, *supra*, at *6 ("to allow [plaintiff's] claims to proceed now would be to allow

28  her to 'circumvent the EEOC's investigatory and conciliatory role, as well as deprive the

                                        - 9 -

1   charged party of notice of the charge.")  Plaintiff should not be allowed to violate this

2   public policy, or be allowed to avoid exhausting his claims, whether under Title VII or the

3   FTCA.

4       Accordingly, the entire action should be dismissed.

5       RESPECTFULLY SUBMITTED this 14th day of November 2019.

6                                MICHAEL BAILEY
7                                United States Attorney
                             District of Arizona

8                                *s/Laurence G. Tinsley, Jr.*
9                                Laurence G. Tinsley, Jr.
                             Assistant U.S. Attorney

- 10

1

2 **CERTIFICATE OF SERVICE**

3

4       I hereby certify that on November 14, 2019, I electronically transmitted the attached

5   document to the Clerk's Office using the CM/ECF System for filing and served a copy, via

6   first-class mail, postage prepaid, of the document to the following recipient who is not a

7   CM/ECF registrant:

8   Elston LeMans Stephenson
    P.O. Box 129
9   Grand Canyon, AZ 86023
    *Plaintiff*
10

11  *s/Irene Millsaps*
    U.S. Attorney's Office

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 11



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**

3300 N. Central Avenue, Suite 690
Phoenix, AZ 85012-2504
Direct Line: (602) 661-0034
Nancy.Griffiths@eeoc.gov

| | |
|---|---|
| Elston Stephenson,<br>　　　　Complainant,<br><br>　　　　　　　　v.<br><br>Deb Haaland, Secretary,<br>U.S. Department of Interior, National Park<br>Service,<br>　　　　Agency. | ) EEOC No.  540-2019-00388X<br>) Agency No. NPS-18-0460<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Date:  February 2, 2022 |

## ORDER DISMISSING CASE PURSUANT TO SETTLEMENT OF THE PARTIES

　　　Pursuant to the fully executed settlement agreement, the parties have settled the complaint in its entirety.  The complaint is hereby closed and dismissed with prejudice.

　　　In the event the Agency fails to comply with the settlement agreement, Complainant should refer to 29 C.F.R. § 1614.504.

It is so ORDERED.

For the Commission:　　　　　　　*Nancy Griffiths*
　　　　　　　　　　　　　　　　Nancy Griffiths
　　　　　　　　　　　　　　　　Administrative Judge

## CERTIFICATE OF SERVICE

For timeliness purposes, it shall be presumed that the parties received the foregoing ORDER within five (5) calendar days after the date it was sent *via* first class mail or the date it was sent via e-mail or through the FEDSEP system. I certify that the foregoing ORDER was sent on February 2, 2022 to the following:

### Complainant:

Elston Stephenson
theswedepilot64@hotmail.com

### Agency Legal Representative:

Ryan Burton
ryan.burton@sol.doi.gov

*Nancy Griffiths*
Nancy Griffiths
Administrative Judge

2022.2.2 Order of Dismissal.pdf

NANCY GRIFFITHS <NANCY.GRIFFITHS@EEOC.GOV>

Wed 2/2/2022 9:44 PM

To: Burton, Ryan W <ryan.burton@sol.doi.gov>;theswedepilot64@hotmail.com
<theswedepilot64@hotmail.com>

📎 1 attachments (39 KB)

2022.2.2 Order of Dismissal.pdf;

See attached order.
Thank you,

*Nancy Griffiths*
NANCY GRIFFITHS
Administrative Judge
EEOC Phoenix District Office
Nancy.griffiths@eeoc.gov
602-661-0034

Re: [EXTERNAL] 2022.2.2 Order of Dismissal.pdf

Burton, Ryan W <ryan.burton@sol.doi.gov>
Wed 2/2/2022 11:21 PM

To: NANCY GRIFFITHS <NANCY.GRIFFITHS@EEOC.GOV>;theswedepilot64@hotmail.com
<theswedepilot64@hotmail.com>

Received. Thank you.

**Ryan W. Burton | Attorney-Adviser**
Employment & Labor Law Unit | Western Division
Office of the Solicitor | Department of the Interior
755 Parfet Street, Suite 151, Lakewood, CO 80215
(O) 303-445-0634
ryan.burton@sol.doi.gov

This email (including any attachment) is intended for the use of the individual to whom it is addressed. It may
contain information that is privileged, confidential, or otherwise protected by applicable law. If you are not the
intended recipient or an employee or agent responsible for delivering this email to the intended recipient, you
are hereby notified that any dissemination, distribution, copying, or use of this email or its contents is strictly
prohibited. If you receive this email in error, please notify me immediately and destroy all copies.

---

**From:** NANCY GRIFFITHS <NANCY.GRIFFITHS@EEOC.GOV>
**Sent:** Wednesday, February 2, 2022 2:43 PM
**To:** Burton, Ryan W <ryan.burton@sol.doi.gov>; theswedepilot64@hotmail.com
<theswedepilot64@hotmail.com>
**Subject:** [EXTERNAL] 2022.2.2 Order of Dismissal.pdf

> **This email has been received from outside of DOI – Use caution before clicking on links,
> opening attachments, or responding.**

See attached order.
Thank you,

*Nancy Griffiths*
NANCY GRIFFITHS
Administrative Judge
EEOC Phoenix District Office
Nancy.griffiths@eeoc.gov
602-661-0034

RE: [EXTERNAL] RE: Stephenson v. DOI - EEOC #540-2019-00388X

NANCY GRIFFITHS <NANCY.GRIFFITHS@EEOC.GOV>

Wed 2/2/2022 7:36 PM

To: Burton, Ryan W <ryan.burton@sol.doi.gov>

Cc: theswedepilot64@hotmail.com <theswedepilot64@hotmail.com>

Thank you, I will issue the order of dismissal later today.

*Nancy Griffiths*
NANCY GRIFFITHS
Administrative Judge
EEOC Phoenix District Office
3300 N. Central Ave. Ste, 690
Phoenix, AZ 85012
602-661-0034
Nancy.griffiths@eeoc.gov


**From:** Burton, Ryan W <ryan.burton@sol.doi.gov>
**Sent:** Wednesday, February 2, 2022 12:34 PM
**To:** NANCY GRIFFITHS <NANCY.GRIFFITHS@EEOC.GOV>
**Cc:** theswedepilot64@hotmail.com
**Subject:** Re: [EXTERNAL] RE: Stephenson v. DOI - EEOC #540-2019-00388X

Judge Griffiths

I confirmed that this is the email the Agency has for Mr. Stephenson; however, I have not received a response back from him.

Best,
**Ryan W. Burton | Attorney-Adviser**
Employment & Labor Law Unit | Western Division
Office of the Solicitor | Department of the Interior
755 Parfet Street, Suite 151, Lakewood, CO 80215
(O) 303-445-0634
ryan.burton@sol.doi.gov

This email (including any attachment) is intended for the use of the individual to whom it is addressed. It may contain information that is privileged, confidential, or otherwise protected by applicable law. If you are not the intended recipient or an employee or agent responsible for delivering this email to the intended recipient, you are hereby notified that any dissemination, distribution, copying, or use of this email or its contents is strictly prohibited. If you receive this email in error, please notify me immediately and destroy all copies.


**From:** NANCY GRIFFITHS <NANCY.GRIFFITHS@EEOC.GOV>
**Sent:** Monday, January 31, 2022 3:35 PM
**To:** Burton, Ryan W <ryan.burton@sol.doi.gov>
**Subject:** RE: [EXTERNAL] RE: Stephenson v. DOI - EEOC #540-2019-00388X

Thank you Mr. Burton. I will wait to hear back from you before issuing the Order of Dismissal.

*Nancy Griffiths*

NANCY GRIFFITHS
Administrative Judge
EEOC Phoenix District Office
3300 N. Central Ave. Ste, 690
Phoenix, AZ 85012
602-661-0034
Nancy.griffiths@eeoc.gov

**From:** Burton, Ryan W <ryan.burton@sol.doi.gov>
**Sent:** Monday, January 31, 2022 3:33 PM
**To:** NANCY GRIFFITHS <NANCY.GRIFFITHS@EEOC.GOV>
**Subject:** Re: [EXTERNAL] RE: Stephenson v. DOI - EEOC #540-2019-00388X

Judge Griffiths

I have the email: theswedepilot64@hotmail.com also for Mr. Stephenson.  I am waiting to get confirmation back from Mr. Stephenson that this is still his active email.

Best,

**Ryan W. Burton | Attorney-Adviser**
Employment & Labor Law Unit | Western Division
Office of the Solicitor | Department of the Interior
755 Parfet Street, Suite 151, Lakewood, CO 80215
(O) 303-445-0634
ryan.burton@sol.doi.gov

This email (including any attachment) is intended for the use of the individual to whom it is addressed. It may contain information that is privileged, confidential, or otherwise protected by applicable law. If you are not the intended recipient or an employee or agent responsible for delivering this email to the intended recipient, you are hereby notified that any dissemination, distribution, copying, or use of this email or its contents is strictly prohibited. If you receive this email in error, please notify me immediately and destroy all copies.

**From:** Burton, Ryan W <ryan.burton@sol.doi.gov>
**Sent:** Monday, January 31, 2022 10:40 AM
**To:** NANCY GRIFFITHS <NANCY.GRIFFITHS@EEOC.GOV>
**Subject:** Re: [EXTERNAL] RE: Stephenson v. DOI - EEOC #540-2019-00388X

Judge Griffiths

I have the below forwarding address from his SF-52.  Another Solicitor negotiated the agreement; so I will attempt to get an email address and forward it to you ASAP.



. Forwarding Address *(Number, Street, City, State, ZIP Code)*

4/551 Ventana Drive, Palmdale CA 93551

**Ryan W. Burton | Attorney-Adviser**
Employment & Labor Law Unit | Western Division
Office of the Solicitor | Department of the Interior
755 Parfet Street, Suite 151, Lakewood, CO 80215
(O) 303-445-0634
ryan.burton@sol.doi.gov

This email (including any attachment) is intended for the use of the individual to whom it is addressed. It may contain information that is privileged, confidential, or otherwise protected by applicable law. If you are not the intended recipient or an employee or agent responsible for delivering this email to the intended recipient, you are hereby notified that any dissemination, distribution, copying, or use of this email or its contents is strictly prohibited. If you receive this email in error, please notify me immediately and destroy all copies.

**From:** NANCY GRIFFITHS <NANCY.GRIFFITHS@EEOC.GOV>
**Sent:** Monday, January 31, 2022 10:30 AM
**To:** Burton, Ryan W <ryan.burton@sol.doi.gov>
**Subject:** [EXTERNAL] RE: Stephenson v. DOI - EEOC #540-2019-00388X

> **This email has been received from outside of DOI - Use caution before clicking on links, opening attachments, or responding.**

Mr. Burton,
Thank you for working cooperatively with Complainant to resolve this matter. I notice that one of the terms of the settlement agreement is that Complainant resigned his position with DOI effective January 28, 2021.
Do you have a current email address for Mr. Stephenson?
Thank you,
*Nancy Griffiths*
NANCY GRIFFITHS
Administrative Judge
EEOC Phoenix District Office
3300 N. Central Ave. Ste, 690
Phoenix, AZ 85012
602-661-0034
Nancy.griffiths@eeoc.gov

From: Burton, Ryan W <ryan.burton@sol.doi.gov>
Sent: Monday, January 31, 2022 10:12 AM
To: NANCY GRIFFITHS <NANCY.GRIFFITHS@EEOC.GOV>
Cc: Stephenson, Elston L <elston_stephenson@nps.gov>
Subject: Re: Stephenson v. DOI - EEOC #540-2019-00388X

Judge Griffiths

Please find the settlement agreement for this case attached. Please let me know if you have any questions.

Best,
Ryan W. Burton | Attorney-Adviser
Employment & Labor Law Unit | Western Division
Office of the Solicitor | Department of the Interior
755 Parfet Street, Suite 151, Lakewood, CO 80215
(O) 303-445-0634
ryan.burton@sol.doi.gov

This email (including any attachment) is intended for the use of the individual to whom it is addressed. It may contain information that is privileged, confidential, or otherwise protected by applicable law. If you are not the intended recipient or an employee or agent responsible for delivering this email to the intended recipient, you are hereby notified that any dissemination, distribution, copying, or use of this email or its contents is strictly prohibited. If you receive this email in error, please notify me immediately and destroy all copies.

UNITED STATES OF AMERICA

U.S. OFFICE OF SPECIAL COUNSEL

| | |
|---|---|
| ELSTON STEPHENSON, <br><br> v. <br><br> U.S. DEPARTMENT OF THE INTERIOR, NATIONAL PARK SERVICE <br><br> _____Agency._____ | ) <br> ) <br> ) · <br> ) OSC Case No. MA-21-002117 <br> ) <br> ) EEOC No. 540-2019-00388X, Agency No. <br> ) NPS-18-0460 <br> ) <br> ) Agency No. DOI-NPS-21-0287 <br> ) |

## SETTLEMENT AGREEMENT AND RELEASE

Elston Stephenson, (hereinafter Mr. Stephenson), and the U.S. Department of the Interior (DOI), acting by and through **Michael Reynolds, Regional Director,** National Park Service (NPS), the DOI's representative with actual settlement authority, mutually agree to the following terms and conditions, and knowingly and voluntarily enter into this written Settlement Agreement and Release, a document which fully and finally resolves the following: 1) all issues and concerns and claims and assertions and allegations and complaints and causes of action potentially or actually arising from Mr. Stephenson's employment with the DOI and the National Park Service (collectively referenced hereinafter as the DOI/NPS) on or before the effective date of this Settlement Agreement; 2) all claims and complaints and causes of action that Mr. Stephenson did file or could have filed on or before the effective date of this Settlement Agreement; and 3) all issues and claims and complaints and causes of action potentially or actually arising from the above-captioned complaints, *Elston Stephenson v. U.S. Department of the Interior,* EEOC No. 540-2019-00388X, Agency No. NPS-18-0460 filed on or about May 6, 2019, *Elston Stephenson v. U.S. Department of the Interior,* DOI-NPS-21-0287 filed on or about August 17, 2021, and *OSC case no.* MA-21-002117 filed with the U.S. Office of Special Counsel on or about August 30, 2021.

## Premises/Recitals

WHEREAS, since June 25, 2017, Mr. Stephenson has held the position of Safety and Occupational Health Manager, GS-0018-13, at the DOI/NPS Grand Canyon National Park (GRCA), Arizona;

WHEREAS, on May 6, 2019, Mr. Stephenson filed an EEO complaint alleging discrimination and harassment based on race identified as *Stephenson v. U.S. Dep't of the Interior,* EEOC No. 540-2019-00388X, Agency No. NPS-18-0460;

Scanned with CamScanner

2. **Effect of Initials and Signatures**. The initials and signatures affixed to this Settlement Agreement establish that Mr. Stephenson and **Michael Reynolds, Regional Director**, on behalf of DOI/NPS, (a) have read this entire document, (b) have knowingly, voluntarily, and in good faith entered into this Settlement Agreement, (c) have not been induced by or through fraud, misrepresentation, duress, threat, or coercion, (d) have not been misled by mutual mistake, (e) fully understand all terms and conditions described in this Settlement Agreement, (f) agree with all terms and conditions described in this Settlement Agreement, and (g) agree to satisfy and perform, in good faith, the terms and conditions described in this Settlement Agreement.

3. **Mr. Stephenson Self-Executing Dismissal with Prejudice**. On the effective date of this Settlement Agreement, Mr. Stephenson voluntarily and automatically cancels and dismisses with prejudice the above-captioned EEOC case, identified as *Elston Stephenson v. U.S. Dep't of the Interior*, EEOC No. 540-2019-00388X, Agency No. NPS-18-0460, *Elston Stephenson v. U.S. Department of the Interior*, DOI-NPS-21-0287, and *OSC case no.* MA-21-002117. This Settlement Agreement, upon its effective date, shall constitute Mr. Stephenson's written, knowing, voluntary, and automatic cancellation and dismissal with prejudice of the above-captioned EEOC and OSC complaint.

4. **No Actions Filed by Mr. Stephenson.** Mr. Stephenson certifies that with the exception of the above-captioned cases identified as *Elston Stephenson v. U.S. Dep't of the Interior*, EEOC No. 540-2019-00388X, Agency No. NPS-18-0460, *Elston Stephenson v. U.S. Department of the Interior*, DOI-NPS-21-0287, and *OSC case no.* MA-21-002117, filed by Mr. Stephenson with the EEOC on or about May 6, 2019 and the OSC on or about August 30, 2021, he has not filed or made any complaint, grievance, claim, or appeal against DOI/NPS or any current or former Agency employees in any judicial or administrative forum. Mr. Stephenson agrees that this Settlement Agreement resolves all issues and claims associated with the above-captioned EEOC/OSC cases identified as *Elston Stephenson v. U.S. Dep't of the Interior*, EEOC No. 540-2019-00388X, Agency No. NPS-18-0460, *Elston Stephenson v. U.S. Department of the Interior*, DOI-NPS-21-0287, and *OSC case no.* MA-21-002117, and he further agrees that this Settlement Agreement resolves all issues, claims, and employment-related matters that Mr. Stephenson has filed, could have filed, or contemplated filing against the DOI/NPS or any of its bureaus/sub-components or current or former employees in any judicial or administrative forum, through and including the date on which Mr. Stephenson initials, signs, and dates this Settlement Agreement.

*Settlement Agreement   ELSTON STEPHENSON V. U.S. DEP'T OF THE INTERIOR, EEOC No. 540-2019-00388X, DOI-NPS-18-0460-*

*ELSTON STEPHENSON V  U S DEPARTMENT OF THE INTERIOR, DOI-NPS-21-0287-*

*OSC CASE NO,* MA-21-002117-
Initials of COMPLAINANT $\underline{ELS}$ Date $\underline{1/27/2022}$
Initials of SETTLEMENT AUTHORITY $\underline{MR}$ Date $\underline{1/27/2022}$

Scanned with CamScanner

WHEREAS, on June 23, 2021 Mr. Stephenson was issued an advance notice of proposed 14-day suspension by Louis Rowe, Deputy Superintendent, Operations and Resources, GRCA;

WHEREAS, on July 15, 2021, Edward Keable, Superintendent, GRCA, issued a decision upholding the proposed 14-day suspension;

WHEREAS, on August 30, 2021, Mr. Stephenson filed a complaint with the U.S. Office of Special Counsel alleging that the 14-day suspension proposed issued on June 23, 2021 and upheld on July 15, 2021 was retaliation for making a protected disclosure to the Occupational Safety and Health Administration (OSHA) designated as *OSC case no.* MA-21-002117;

WHEREAS, on August 17, 2021, Mr. Stephenson filed an EEO complaint alleging discrimination and harassment based on race and reprisal identified as *Elston Stephenson v. U.S. Dep't of the Interior*, Agency No. DOI-NPS-21-0287;

WHEREAS, Mr. Stephenson and the DOI/NPS have mutually expressed interest in amicably resolving all claims and complaints (including his assertions, allegations, and/or claims raised in *Elston Stephenson v. U.S. Dep't of the Interior*, EEOC No. 540-2019-00388X, Agency No. NPS-18-0460, *Elston Stephenson v. U.S. Department of the Interior*, DOI-NPS-21-0287, and *OSC case no.* MA-21-002117), and all causes of action, potentially or actually made or filed by Mr. Stephenson, arising from his employment with the DOI/NPS;

WHEREAS, Mr. Stephenson knowingly and voluntarily agrees to settle all allegations and assertions and issues and claims and concerns and complaints (including the above-captioned EEOC/OSC cases) and all causes of action arising from his employment with the DOI/NPS and arising from the above-captioned EEOC and OSC complaints, and Mr. Stephenson and the DOI/NPS seek to avoid administrative and/or judicial litigation in accordance with the terms and conditions fully described below;

NOW THEREFORE, in consideration of these premises, Mr. Stephenson and the DOI/NPS intend to be legally bound by, and knowingly, voluntarily, and mutually agree to, the terms and conditions described fully below.

## Terms and Conditions

**1. Effective Date.** This Settlement Agreement shall become effective on the eighth calendar day after Appellant initials, signs, and dates this Settlement Agreement. This date shall be hereinafter referred to as the "effective date."

Initials of COMPLAINANT ELS Date 1/27/2022

Initials of SETTLEMENT AUTHORITY MTR Date 1/27/2022

Scanned with CamScanner

personnel practice, treated Mr. Stephenson in a discriminatory or retaliatory manner, or violated any Federal or State laws, rules, regulations, or policies. This Settlement Agreement is entered into by Mr. Stephenson and the DOI/NPS for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation, not for the purpose of assigning blame or validating any claim(s) made by Mr. Stephenson relevant to the above-referenced employment matters, and/or other pending or contemplated claims dismissed, waived, withdrawn, and released in accordance with the terms of this Settlement Agreement.

21. **Merger Clause**. This Settlement Agreement represents the complete understanding between Mr. Stephenson and the DOI/NPS, and supersedes all other written and verbal (express or implied) agreements that Mr. Stephenson and the DOI/NPS discussed or exchanged or considered and that address the above-referenced employment matters, and/or other pending or contemplated claims dismissed, waived, withdrawn, and released in accordance with the terms of this Settlement Agreement.

22. **Amendments/Modifications in Writing**. This document constitutes the final and complete statement of the terms contained in the Settlement Agreement and agreed to by the parties. There are no other terms expressed or implied. The terms of this Settlement Agreement may not be modified or renegotiated unless in writing and by mutual written consent signed by Mr. Stephenson and the DOI/NPS, acting by and through an authorized Agency representative.

23. **Severability**. If any paragraph or portion of this Settlement Agreement is determined to be unenforceable, the rest and remainder of this Settlement Agreement shall remain in full force and effect. Mr. Stephenson and the DOI/NPS agree that the terms and provisions of this Settlement Agreement shall be deemed severable, and any invalidity or unenforceability of any provision(s) found in this Settlement Agreement shall not affect the validity or enforceability of this Settlement Agreement as a whole.

24. **Remedy/Remedies for Breach**.   Mr. Stephenson and the DOI/NPS agree and acknowledge that either party's failure to meet and satisfy obligations which arise from and under this Settlement Agreement shall constitute a breach of this Settlement Agreement, giving the non-breaching party the right to an appropriate remedy permitted by law.

25. **Duplicate, Faxed and Electronic Copies as Originals**. This Settlement Agreement may be initialed, signed, and dated in any number of counterparts. If duplicate, faxed, and electronic copies of this Settlement Agreement contain identical initials, signatures, and dates as in the original, the duplicate, faxed, and electronic copies of this Settlement Agreement shall represent originals and have the same force and effect as an original.

-OSC Cas No. MA-21-002117 -
Initials of COMPLAINANT ___ELS___ Date __1/27/2022__

Initials of SETTLEMENT AUTHORITY ___MMN___ Date __1/27/2022__

Scanned with CamScanner

THE WHITE HOUSE
WASHINGTON, DC 20500

Elston Stephenson
PO Box 129
Grand Canyon, Arizona 86023-0129

U.S. POSTAGE ≫ PITNEY BOWES

ZIP 20500
02 1W
0001380733 JAN 10 2022
$ 000.53⁰



PacerMonitor   A Fitch Solutions Service      Features   Plans & Pricing   About      ☑ Start Free Trial   Sign In ➜

## Stephenson v. Drapeaux

| | |
|---|---|
| **Arizona District Court** | |
| Judge: | Douglas L Rayes |
| Case #: | 3:19-cv-08268 |
| Nature of Suit | 890 Other Statutes - Other Statutory Actions |
| Cause | 28:1442 Petition for Removal |

| | |
|---|---|
| **Case Filed:** | Sep 18, 2019 |
| **Terminated:** | Feb 21, 2020 |
| **Case in other court:** | Flagstaff Justice Court, J0301PO2019000269 |

Docket    Parties (3)    Opinions (1)

Docket last updated: 6 hours ago

**Monday, November 02, 2020**

51    misc.   Mail Returned   Fri 11/06 3:48 PM
Mail Returned as Undeliverable. Mail sent to Elston L Stephenson. Reason for return: Refused. Document number48 . (SST)

**Monday, October 26, 2020**

50    misc.   Mail Returned   Tue 10/27 1:56 PM
*Document filed in the incorrect case. All docket text associated with the entry has been removed on 10/27/2020 (SCH)

49    misc.   Mail Returned   Tue 10/27 2:00 PM
Mail Returned as Undeliverable. Mail sent to Elston L Stephenson. Reason for return: Refused. Document number 46. (WLP)

Continue to Create Account

Privacy · Terms · About
PacerMonitor, LLC © 2018





Smeck, Woody <woody_smeck@nps.gov>

## Re: Reminder regarding Stephenson suspension
1 message

**Drapeaux, Brian** <brian_drapeaux@nps.gov>                                   Fri, Jul 26, 2019 at 9:56 AM
To: Woody Smeck <woody_smeck@nps.gov>, Sean Quinn <sean_quinn@nps.gov>

Hi Woody,

In response to your email from July 21, 2019, on July 22, 2019 at approximately 11:00 AM, I drove past Elston's house to
see if his government vehicle was parked at his residence and it was parked in his drive way. My assumption from seeing
the gov't vehicle was that he was not driving it and therefore not working and in compliance of his suspension. My next
two steps to ensure suspension compliance if necessary, would have been if the government vehicle was not at his
residence, I would have driven over to Facilities and walked up to the second floor to see if he was in his office and if I
then could not find him and thought he was working during his suspension, I would have contacted him by his gov't phone
and/or his personal cell to remind him of his suspension and further directives stated in your email above.

Let me know if you need more information.

Brian


Brian Drapeaux
Deputy Superintendent, Business Operations
Grand Canyon National Park
P.O. Box 129
Grand Canyon AZ 86023
928-638-7945  Phone
928-638-7815  Fax
Brian_Drapeaux@nps.gov


On Mon, Jul 22, 2019 at 10:38 AM Drapeaux, Brian <brian_drapeaux@nps.gov> wrote:
   Hi Woody,
   Yes. I am aware of the dates July 22-July 24.

   thanks,
   Brian


   Brian Drapeaux
   Deputy Superintendent, Business Operations
   Grand Canyon National Park
   P.O. Box 129
   Grand Canyon AZ 86023
   928-638-7945  Phone
   928-638-7815  Fax
   Brian_Drapeaux@nps.gov


   On Sun, Jul 21, 2019 at 1:49 PM Woody Smeck <woody_smeck@nps.gov> wrote:
      Brian,

      I expect you're tracking this, but wanted to remind you that Elston

will be serving a three day suspension starting Monday, July 21. He
should not be using government furnished equipment, vehicles, or
communications, and he should not be claiming paid or extra hours.

I will be in Washington DC, but please call or work with Lisa if there
are any concerns.

Woody Smeck
Acting Superintendent
Grand Canyon National Park
P.O. Box 129
Grand Canyon, AZ 86023
—
928-638-945 office
559-788-9247 mobile